1997 ME 65

**Cindy RANCO, et al.**

v.

**CITY OF BANGOR.**

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 20, 1996.

Decided April 4, 1997.

Kathleen C. Caldwell, Pine Tree Legal Assistance, Inc., Bangor, for plaintiffs.

Erik M. Stumpfel, City Solicitor, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1]   Defendant, City of Bangor, appeals from the judgment entered in the Superior Court (Penobscot County, *Kravchuk, J.*) vacating the decision of the Bangor Municipal Operations Committee (Committee) disqualifying plaintiffs, Cindy Ranco and Seth Ranco, from eligibility for general assistance benefits for 120 days for violating 22 M.R.S.A. § 4315 (Supp.1996).[1]   The City argues on

---

1.  The statute provides:

    Whoever knowingly and willfully makes any false representation of a material fact to the overseer of any municipality or to the department or its agents for the purpose of causing that or any other person to be granted assis-

appeal that the Committee properly interpreted the applicable law, that its factual findings are supported by the record, and thus, that its decision should have been upheld. We disagree and affirm the judgment.

[¶ 2] The facts, as presented at the Committee hearing, are as follows: Plaintiffs live in Bangor. They have received general assistance from the City several times and have performed various workfare duties. On August 30, 1995, Christopher Lombard applied for general assistance benefits with the help of Cindy Ranco. He informed his caseworker that he was living with the Rancos temporarily, but was looking for an apartment. At that time he was given $42 in temporary assistance. He was determined to be eligible for $138 for "expenses in another's home" pursuant to the relevant Bangor ordinance. This period of eligibility was to end on September 30.

[¶ 3] On September 25, 1995, plaintiffs applied to the Bangor Department of Health and Welfare (Department) for help with their rent. The general assistance application completed by the Rancos requests information about all "household members." The Rancos provided information about themselves but did not indicate that anyone else was living with them. At the hearing, Cindy Ranco testified that Lombard was only a guest or visitor in the home and did not help with rent. Based upon their maximum eligibility as a two-person household, their request for $379 for rent was granted.

[¶ 4] In October, 1995, the Rancos returned to the Department to apply again for rent aid. Eligible for less money than expected, Cindy Ranco asked her caseworker if the amount for which they were eligible would increase if someone were to move in with them. On further questioning, Lombard's presence in the Ranco home was revealed to the Rancos' caseworker. At that point, she denied the Rancos' request for assistance because they had not disclosed the fact that Lombard was living with them at the time of their September 25th application for benefits. The caseworker testified before

the Committee that the Rancos and Lombard would have been eligible for a maximum of $545 as a three-person household. Before the denial, with the combination of the Rancos' eligibility for $417 and Lombard's eligibility for $138, the three of them had a maximum eligibility of $555.

[¶ 5] The Rancos exercised their right, pursuant to 22 M.R.S.A. § 4322 (Supp.1996), to appeal this determination to a fair hearing authority. The Committee, acting as such an authority, held a hearing on the Rancos' appeal. It upheld the 120–day disqualification. The Committee found, *inter alia* that: (1) the maximum monthly benefit for a three-person household is $545 and the combined maximum for two separate households consisting of one and two persons respectively would be $768; (2) the Rancos applied for assistance as a two-person household, intentionally concealing Lombard's presence in their home; (3) "[t]heir purpose in doing so was to preserve a potential eligibility for combined monthly benefits at the higher level payable to separate one- and two-person households, over the benefit amount payable to a three-person household;" and (4) the Rancos' misrepresentations were both false and material within the meaning of 22 M.R.S.A. § 4315. The Committee did not find Cindy Ranco to be credible in several of her assertions and rejected the Rancos' arguments that no knowing and willful misrepresentation of a material fact had occurred.

[¶ 6] Affording judicial review pursuant to M.R.Civ.P. 80B, the Superior Court vacated the Committee's decision, holding that the record did not support the administrative finding that plaintiffs violated 22 M.R.S.A. § 4315. When the decision of a governmental body has been subjected to judicial review pursuant to Rule 80B, we directly review that decision for abuse of discretion, errors of law, or findings unsupported by substantial evidence in the record. *Weekley v. Town of Scarborough,* 676 A.2d 932, 933 (Me.1996).

---

tance by the municipality or by the State is ineligible for assistance for a period of 120 days and is guilty of a Class E crime.

22 M.R.S.A. § 4315 (Supp.1996).

[¶ 7] To be ineligible for general assistance pursuant to 22 M.R.S.A. § 4315, an applicant must knowingly and willfully make a false representation of a material fact for the purpose of causing them or any other person to be granted assistance. The Committee found that the Rancos' specific purpose in failing to disclose Lombard's presence in their home was to preserve their potential eligibility for the benefits afforded to separate one- and two-person households instead of admitting that they were only eligible for the lesser amount allowed a three-person household. There is no competent evidence in the record to support this finding. Lombard, at the direction of Cindy Ranco, applied for assistance and revealed his residency in the Rancos' home. He was not granted assistance as a one-person household. This would have entitled him to $351 per month. He was granted assistance pursuant to the Bangor ordinance for expenses in another's home and was found eligible for only $138. There is no indication that Lombard attempted to or was counseled to attempt to become qualified for the higher amount. The Rancos knew that Lombard was only qualified for $138 when they applied for assistance in September and October. The Committee's finding that the representations made by them during those interviews were made for the purpose of obtaining assistance in the amount of $768 instead of $545 is not supported by the record.

The entry is:

Judgment affirmed.