1998 ME 192

**Russell PETERSON, et al.**

v.

**TOWN OF RANGELEY, et al.**

Supreme Judicial Court of Maine.

Argued June 11, 1998.

Decided July 29, 1998.

John C. Bannon (orally), Murray Plumb & Murray, Portland, for plaintiffs.

Stephen E.F. Langsdorf (orally), Preti, Flaherty, Beliveau & Pachios, LLC, Augusta, for defendants.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ * and SAUFLEY, JJ.

CLIFFORD, Justice.

[¶ 1]   Russell and Juliana Peterson appeal from judgments in favor of the defendants, the Town of Rangeley and Arthur S. Emory, the Town's Code Enforcement Officer, entered in the Superior Court (Franklin County, *Mills, J.*) after a jury-waived trial. The Petersons challenge the denial by the Rangeley Zoning Board of Appeals of their 1994 request for a variance and the court's determination that the permits issued pursuant to an earlier variance, granted in 1992, had expired.   They contend *inter alia* that (1) the Town of Rangeley is estopped from challeng-

* Lipez, J. sat at oral argument and participated in the initial conference but resigned before this opinion was adopted.

ing the permits issued pursuant to the 1992 variance; (2) they have a vested right to complete their renovation project pursuant to the 1992 variance; (3) the provision in the building permit prohibiting a six-month suspension of a building project does not apply to them; (4) the Board had the authority to and should have granted the variance in 1994; and (5) the Board's earlier decision approving the 1992 variance request should have been given *res judicata* effect as to the 1994 request for an identical variance. We reject most of the contentions advanced by the Petersons, and we affirm the judgment as to the Petersons' plenary action, those counts seeking a declaratory judgment. Because, however, the Board of Appeals mistakenly concluded that it had no jurisdiction to address the Petersons' variance, we vacate the judgment entered as to the appeal brought pursuant to M.R. Civ. P. 80B, and remand for the Petersons to have the opportunity to have their request for a variance heard by the Board.

[¶ 2] The Petersons own real estate adjacent to Rangeley Lake. In the process of applying for a building permit to renovate and enlarge two small cabins, the Petersons conferred with Justine Ayers, who was then the Town of Rangeley's Code Enforcement Officer. Ayers informed them that they would need a variance because they were expanding the buildings by more than 30%, and the camps were nonconforming structures in a shoreland zone. They sought, and on March 5, 1992 were granted, a variance from the Board. The variance did not indicate its expiration date, and the permit issued on May 22, 1992, contained the following language:

PERMIT WILL BECOME NULL AND VOID IF CONSTRUCTION WORK IS NOT STARTED WITHIN SIX 12 MONTHS OF DATE THE PERMIT IS ISSUED AS NOTED ABOVE. *EXPIRES 3 YEARS THEREAFTER.*

As Ayers issued the permit, she crossed out the word "SIX" and added the numeral "12" and also added "EXPIRES 3 YEARS THEREAFTER."

[¶ 3] The Petersons, who reside out of state, planned to build in the fall of 1992. They purchased over $10,000 in materials in preparation for the renovation. In the summer of 1992, the builder installed such items as a hot water heater and electricity, but then told the Petersons he could not get to the bulk of the renovation until the fall of 1993. The Petersons met with the builder in August 1993, and work was set to begin after Labor Day. The Petersons rented storage space for the materials. They found out in the middle of September, however, that the builder moved from the area, leaving them "hanging in the wind" and without anyone to do the work on their camps.

[¶ 4] The Petersons were unable to locate a new builder until the summer of 1994. They paid a courtesy visit to Emory, the new Code Enforcement Officer, to introduce themselves and to tell him that they had a new contractor who would be doing the project in the fall. After reviewing the Petersons' file, Emory told them that their permit had expired, and that the Board had made a mistake in granting the variance. Emory declined to issue a new permit, relying on the Rangeley Zoning Ordinance applicable to a variance:

A variance or Conditional use Permit secured under the provisions of this Ordinance by vote of the Board of Appeals or Planning Board shall expire if the work or change involved is not commenced within one year of the date on which the appeal is granted or the conditional use is authorized, or change is not substantially completed within two years.

Town of Rangeley Zoning Ordinance § 7(J) (1987). The Rangeley building code further provides:

Every permit issued by the building official under the provisions of this code shall expire by limitation and become null and void if the building or work authorized by such permit is not commenced within 12 months from the issue date of the permit, or if *the building or work authorized by such permit is suspended or abandoned at any time after the work is commenced for a period of six months.*

Town of Rangeley, Amendments to the CABO[1] one and two family dwelling code § R109 (emphasis supplied).

[¶ 5] Having been told that their variance was no longer effective, and that the building permit issued pursuant to the variance had expired, the Petersons applied for a new variance in 1994. Without addressing the merits of the Petersons' alleged hardships, the Zoning Board of Appeals denied the Petersons' request for a variance. The Town based its denial on legal advice that, pursuant to the Town ordinance, the Board had no authority to grant a variance for an expansion which increases the volume or the floor by 30% or within 100 feet of the shore.

[¶ 6] The Petersons brought this action in Superior Court, appealing pursuant to Rule 80B the Board's denial of their 1994 request for a variance, and, in addition, seeking declaratory relief concerning the variance obtained by the Petersons in 1992 and the permit issued as a result of the variance. The court found that although the Petersons "commenced work" within twelve months as required by both the permit and the variance, their building permit expired because they suspended work for a period of over six months, and their variance was no longer valid because the project was not substantially completed within two years. The court further concluded that contrary to the Petersons' argument, the Town was not estopped from denying that the permit was valid for three years, because the Petersons' reliance on the acts of Ayers and the language on the permit was not reasonable and hence they did not satisfy the elements of equitable estoppel.[2] The court also denied the Petersons' 80B appeal and affirmed the Board's denial of their 1994 variance request. The appeal to this Court followed.

*I. Expiration of the Building Permit*

[¶ 7] Pursuant to the Rangeley building code, a building permit expires "if the building or work authorized by such permit is suspended or abandoned at any time after the work is commenced for a period of six months." The Petersons concede that there were periods of more than six months during which work was suspended, but argue that that does not result in the expiration of the permit because the "or" in the phrase "suspended or abandoned" should mean "to wit." Accordingly, they contend, what the language actually means is that the permit expires only if the work authorized by the permit has been *abandoned* for a period of six months. We disagree.

■■■ [¶ 8] The meaning of terms or expressions in a zoning ordinance is a question of law for the court. *George D. Ballard, Builder, Inc. v. City of Westbrook*, 502 A.2d 476, 480 (Me.1985). The contested language must be construed reasonably and with regard to both the ordinance's specific object and its general structure. *Ray v. Town of Camden*, 533 A.2d 912, 914 (Me.1987). Each undefined term is given its common and generally accepted meaning unless the context of the statute clearly indicates otherwise. *George D. Ballard, Builder, Inc.*, 502 A.2d at 480.

■■ [¶ 9] The trial court correctly concluded that "or" in the Rangeley ordinance in fact means "or," and not "to wit." The "common and generally accepted meaning" of "suspended or abandoned" contemplates both suspension and abandonment of work as independent grounds for expiration of a building permit. *See Ballard*, 502 A.2d at 480. Although the Petersons characterize this construction of the statute as "draconian" in light of Maine's climate that may often force a six-month cessation of work, we are bound

---

1. "CABO" in the Rangeley ordinances refers to the building code established by the Council of American Building Officials, which the Town has adopted for one and two family dwellings.

2. The Petersons relied on Ayers and never reviewed the Town's ordinances applicable to the variance and the building permit. They argue that they would have completed construction within two years had the Code Enforcement Officer instructed them that it was necessary. Be-

cause we conclude that the Petersons' building permit expired because they suspended work on the project for more than six months, a provision the Petersons do not contend the Town is *estopped* from invoking, we do not address whether the Town should be estopped from invoking the provision in the ordinance requiring that a project undertaken pursuant to a variance be completed in two years.

by the statutory language that plainly leads to the construction given it by the trial court. The court correctly concluded that the Petersons' building permit had expired.

## II.  Res Judicata

[¶ 10]  The Petersons next contend that even if their 1992 permit has expired, principles of *res judicata* preclude the denial by the Board of their 1994 variance request, a request for a variance virtually identical to the request granted by the Board in 1992.

[¶ 11]  In *Town of North Berwick v. Jones,* 534 A.2d 667 (Me.1987), we extended the collateral estoppel, or issue preclusion, prong of *res judicata* to administrative proceedings, and concluded that "final adjudication in an administrative proceeding before a quasi-judicial municipal body has the same preclusive effect as a final adjudication in a former court proceeding." *Id.* at 670.

[¶ 12]  *Res judicata,* however, is applied sparingly in matters of zoning. *Omnivest v. Stewartstown Borough Zoning Hearing Bd.,* 163 Pa.Cmwlth. 415, 641 A.2d 648, 651 (1994).  In *Twigg v. Town of Kennebunk,* 662 A.2d 914 (Me.1995), we recognized the limitations to the application of *res judicata* in the variance context, and concluded that "[a]n expired and voided variance is comparable to a vacated judgment which has no *res judicata* effect." *Id.* at 915.  To apply *res judicata* in a general way to a proceeding for a variance "would negate the ordinance provisions limiting the duration of the variance authorization and would create confusion in zoning matters involving expired variances." [3] *Omnivest,* 641 A.2d at 651.  The Board's 1992 grant of a variance to the Petersons, because it expired, is not *res judicata* as to their 1994 request for a variance.

## III.  The Town's Authority to Grant Variances in the Shoreland Zone

[¶ 13]  The Petersons' 1994 variance request was denied by the Board because the Board concluded that the Town has made no provision in its ordinances authorizing variances pursuant to the statute governing the expansion of structures in volume or floor area by 30% or more within 250 feet of a great pond.  The statute, 38 M.R.S.A. § 439–A(4) (Supp.1997), provides:

> Notwithstanding any provision in a local ordinance to the contrary, all new principal and accessory structures and substantial expansions of such structures within the shoreland zone as established by section 435 shall meet the water setback requirements approved by the board....  For purposes of this subsection, a substantial expansion of a building shall be an expansion which increases either the volume or floor area by 30% or more.  *This subsection is not intended to prohibit a municipal board of appeals from granting a variance,* subject to the requirements of this article and Title 30–A, section 4353....

(emphasis added).

[¶ 14]  The Town's position is that its own ordinance could not empower the Board to grant variances if State law prohibits it:

> As used in this Ordinance, a variance is authorized only for height, area and size of structures or size of yards or open spaces.  *Establishment or expansion otherwise prohibited shall not be allowed by variance*
> . . . .

Town of Rangeley Zoning Ordinance § 8(D)(2) (emphasis added).

[¶ 15]  Title 38 M.R.S.A. § 439–A(4), however, does *not* prohibit expansions, and in fact states that it is "not intended to prohibit

---

**3.**  The Petersons also contend that their permit gave them vested rights, which the Town should not be able to vitiate.  "[A]n applicant for a building permit may acquire vested rights to such a permit by virtue of a substantial good faith change made in reliance on the zoning law in effect at the time of the application, or on the probability of the issuance of a permit approval." *Thomas v. Zoning Bd. of Appeals of the City of Bangor,* 381 A.2d 643, 647 (Me.1978).  The circumstances when rights vest, however, occur when a municipality applies a *new* ordinance to an existing permit.  *See* Edward H. Ziegler, Jr., *Rathkopf's The Law of Zoning and Planning* § 50.01[1] (4th ed.1992 rev.) (a vested right is a right to build a structure which when completed will violate restrictions of a zoning ordinance which "has become effective in the meantime").  In this case the law in effect has not changed, and the vested rights principle is therefore not applicable.

a municipal board of appeals from granting a variance." Moreover, section 8(D)(2) of the Town's zoning ordinance specifically authorized variances "for height, area and size of structures," *unless otherwise prohibited.* Title 38 M.R.S.A. § 4353 does *not* prohibit the Town from granting a variance to the Petersons, provided they otherwise meet the criteria. Indeed section 4353 authorizes boards of appeals to interpret zoning ordinances and grant variances. *See also* 30–A M.R.S.A. § 3001 ("Any municipality, by the adoption, amendment or repeal of ordinances or by-laws, may exercise any power or function which the Legislature has power to confer upon it, which is not denied either expressly or by clear implication, and exercise any power or function granted to the municipality by the Constitution of Maine, general law or charter.").

[¶ 16] Further, section 3(c)(1)(a) of the Town's ordinance implements the state shoreland zoning statute, in that it provides that nonconforming structures within the shoreland area "shall not be expanded by 30% or more." At the same time, section 3(d)(1) provides that "[e]xpansion of noncon-forming uses may be allowed" after review and under certain conditions. Accordingly, the Board has the authority to grant such a variance. *See Cope v. Town of Brunswick,* 464 A.2d 223, 226 (Me.1983) ("a variance is authority extended to a landowner to use his property in a manner prohibited by the ordi-nance (absent such variance)").

[¶ 17] The Board did not reach the merits of the Petersons' variance request. The Petersons have a right to have that request heard. Accordingly, the case must be re-manded for that purpose.

The entry is:

Judgment as to declaratory judgment por-tion of the complaint is affirmed. Judgment on the Rule 80B appeal is vacated. Remand-ed to the Superior Court with instructions to remand to the Rangeley Zoning Board of Appeals for further proceedings consistent with this opinion.

