STATE OF MAINE                          SUPERIOR COURT
                                        CIVIL ACTION
KENNEBEC, ss.                           DOCKET NO. AP-00-031
                                        SKS -KEN- 1/23/2001


PETER BRAGDON, *et al.*,

        Plaintiffs

        v.                              ORDER

TOWN OF VASSALBORO
and C & C DISTRIBUTORS, INC.,[1]

        Defendants


This matter is before the court pursuant to M.R. Civ. P. 80B on appeal of the decision of Planning Board (Board) of the Town of Vassalboro approving the application of C & C Distributors, Inc. (C & C) for a site permit to construct a new facility. The application was reviewed pursuant to the Vassalboro Site Review Ordinance. The parties have stipulated a record of the proceedings and have submitted both written and oral arguments.

---

[1] C & C Distributors, Inc., the applicant for the permit whose approval is at issue, was not originally a party to this matter. It was not until the Town raised in its brief the question of whether C & C Distributors was an indispensable party, that an agreed to motion to add C & C as a third party was filed with the court. This motion was granted on September 15, 2000, with the conditions that the plaintiffs would serve C & C with the petition, record and all briefs; and that C & C would file its answer on or before October 6, 2000, and any brief it wished to file by November 3, 2000. Although Edward Cullivan, president of C & C Distributors, Inc., acknowledged receipt of the motion and related documents, the only response from the corporation by Mr. Cullivan filed October 17, 2000, reads: "C & C Distributors, Inc. adopts the arguments set forth in the Town of Vassalboro's Memorandum in opposition to the Plaintiffs' appeal." There is no indication that Mr. Cullivan is a member of the Maine bar, however assuming that there are five or fewer shareholders in C & C Distributors, Inc., an officer of the corporation would be authorized to defend a civil action without being a lawyer. 4 M.R.S.A. § 807(3)(J). Whether Mr. Cullivan's filing of October 17, 2000, should be considered an answer is moot in light of the result of the court's review.

1

## Background

Plaintiffs Bragdon and Ellis are residents and property owners in the Town of Vassalboro. Both reside on the Hannaford Hill Road and use their property for agricultural purposes. On April 4, 2000, C & C submitted a site plan for construction of a light aluminum manufacturing facility to be built in the open hay field adjacent to the Bragdon farm and directly across the street from the Ellis home. The Board scheduled a public hearing for April 25, 2000, to be held or begun at the proposed site. C & C did not yet own the property on which it proposed to build and, for reasons not stated in the record, the then current owner of the property refused to allow plaintiffs and their attorney onto the property. However, the plaintiffs were not without representation. As described in the minutes of the April 25, 2000 Planning Board meeting, "The Planning Board first met on the site of the proposed development on the Hannaford Hill Road to walk the site. Present at the site were the Planning Board, the Code Enforcement Officer, Mary Grow, Robert Browne, Robert Farrell, the <u>hydrogeologist representing Peter Bragdon</u>, and several interested residents." (Emphasis provided). Following the site visit, the public meeting adjourned to the town office, where the application was discussed in detail as set forth in the minutes. According to the Board's minutes, both the parties' hydrogeologist, Robert Farrell, and their attorney, John Nale, were present and given the opportunity to comment during this portion of the hearing. In the end, the Board voted unanimously to approve C & C's application. The plaintiffs filed this timely appeal pursuant to M.R. Civ. P. 80C.

2

## Discussion

When the decision of a governmental body is appealed pursuant to Rule 80B, this court independently examines the record and reviews the decision for abuse of discretion, errors of law, or findings unsupported by substantial evidence. *Ranco v. City of Bangor*, 1997 ME 65, ¶ 6, 691 A.2d 1238, 1239. The plaintiffs advance three general arguments on appeal. First, they assert the Board violated their right to due process of law and seek relief pursuant to 42 U.S.C. §§ 1983, 1988. Second, plaintiffs argue that the Town's Site Review Ordinance is invalid. Finally, plaintiffs argue that the applicant failed to meet the performance standards as set forth in the Town's ordinance. These arguments will be discussed separately below.

I.   Due Process Claim.

The plaintiffs predicate their due process claim on two factual bases. First, they argue that due process was denied because the Board failed to make findings of fact in its decision to approve the Site Permit Application. Plaintiffs argue that omission of factual findings constitutes a violation of 30-A M.R.S.A. § 4303(6). However, plaintiffs also acknowledge that this statute addresses subdivision approval as opposed to site review ordinances and is not applicable. None of the cases cited by the plaintiffs support their proposition that in the absence of a statutory duty to provide findings of fact, failure to do so constitutes proof of a constitutional violation.

Plaintiffs have failed to specifically identify their liberty or property interests or what process is due in light of those interests. *Board of Regents v. Roth*, 408 U.S.

3

564 (1972). Assuming the necessary property interests exist, the plaintiffs have still failed to establish why they are entitled to any process in this case beyond a basic right to notice and an opportunity to be heard, which they received. Assuming the necessary interests and right to findings, the Board's detailed minutes contain both express and implicit findings sufficient to explain its decision and for this appellate review.

The second factual base concerns the site visit which preceded or formed the first portion of the public hearing on C & C's application, from which the plaintiffs were refused by the property owner. The record is barren of any mention of an objection by the plaintiffs at that time or during the continuation of the meeting at the town office, raising a question of whether they should now be barred from raising that issue. If not barred, the court nevertheless finds that the plaintiffs' opportunity to be heard at the town office neutralizes of any deprivation of due process from being excluded from the site visit.

II.    Invalidity of Ordinance.

The plaintiffs' second issue concern their position that the Town Site Review Ordinance is invalid. The nexus of this argument is that the Town failed to implement a comprehensive plan as a precursor to its ordinance or a "real" zoning ordinance under State statutes governing land use regulation. 30-A M.R.S.A. § 4351 *et seq.* The plaintiffs also argue that the ordinance itself is void for vagueness. *Kosalka v. Town of Georgetown*, 2000 ME 106, ¶ 11, 752 A.2d 183, 186.

The fatal flaw in the plaintiffs' first argument is their misapprehension that

4

the statutory scheme on which they rely is mandatory upon the municipalities. This is simply wrong. A growth management program adopted in 1989 required local planning and zoning to be undertaken. 30-A M.R.S.A. §§ 4301-4349. The 1989 legislation grew out of research that concluded that the pace of development was such that continued reliance on enabling legislation was no longer adequate. However, on December 23, 1991, as the result of an ongoing budgetary crisis coupled with State constitutional requirements for a balanced budget, the State legislature adopted Chapter 622, Laws of Maine, 115th Legislature. This measure, among other things, removed financial support for local comprehensive planning assistance and also repealed or modified all of the mandatory and timetable provisions of the 1989 legislation. Municipalities continued to be encouraged to develop comprehensive plans and plan implementation strategies, but were no longer required to do so. Municipalities now rely on enabling legislation and home rule powers to do as little or as much in the area of planning as their sense of need and fiscal capacity dictate. Orlando E. Delogu, Maine Land Use Control Law, 760 (1997). Therefore, the Town's ordinance does not fail because of statutory mandate.

With regard to the degree of specificity of the ordinance language, unlike the requirement to "conserve natural beauty" held too vague in *Kosalka*, the provisions of the Town's ordinance provide reasonably quantifiable standards to satisfy the due process requirements.

III.    Failure to Meet Performance Standards.

Finally, plaintiffs argue that C & C's application fails to meet the performance

standards set forth in the Site Review Ordinance. The minutes of the board meeting indicate that each of the performance standards was discussed at length and voted upon individually. This court is not permitted to "make findings independent of those explicitly or implicitly found by the Board or [to] substitute its judgment for that of the Board." *Perrin v. Town of Kittery*, 591 A.2d 861, 863 (Me. 1991). "The Board's decision is not wrong because the record is inconsistent or a different conclusion could have been drawn from it." *Twigg v. Town of Kennebunkport*, 662 A.2d 914, 916 (Me. 1995). The court finds sufficient evidence in the record to support the Board's findings with regard to each performance standard, regardless of whether the court would have made the same decision itself.

For the reasons stated above, all three of the appellate's argument fail. The court finds no abuse of discretion, error of law, or findings unsupported by substantial evidence. Therefore, the entry will be:

Appeal DENIED. Decision of the Planning Board is AFFIRMED.

Dated: January 23, 2001

_____
S. Kirk Studstrup
Justice, Superior Court

6

Date Filed __5/24/00__  ___Kennebec___  Docket No. __AP00-31__
                            County

Action __Petition for Review__                **J. STUDSTRUP**
              80 B


Peter Bragdon & Stephen Ellis      vs.      Town of Vassalboro
---
Plaintiff's Attorney | Defendant's Attorney
--- | ---
John E. Nale, Esq.<br>P.O. Box 2611<br>Waterville, Maine  04903-2611 | Alton C. Stevens, Esq.  (6/2/00)<br>44 Elm Street<br>P.O. Box 708<br>Waterville, Maine 04903-0708

| Date of Entry | |
|---|---|
| 5/25/00 | Complaint Seeking review of Governmental Agency Action, M.R.Civ.P.80B and for Declaratory Relief M.R.Civ.P.80B(i), filed. s/Nale, Esq. (filed 5/24/0( |
| 5/25/00 | Briefing schedule mailed to atty and Town. |
| 6/1/00 | Original summons with return service on Town of Vassalboro on May 25, 2000 filed. |
| 6/6/00 | Answer, filed. s/Stevens, Esq.  (filed 6/2/00) |
| 7/3/00 | Joint Motion for Extension of Time to File Plaintiff's Brief and Record, filed. s/Nale, Esq. |
| 7/5/00 | JOINT MOTION FOR EXTENSION OF TIME, Studstrup, J.<br>All filing deadlines extended 14 days.<br>Copies mailed to attys of record. |
| 7/20/00 | Plaintiffs' Brief with attached exhibits A,B, filed. s/Nale, Esq.(filed 7/19/0(<br>Stipulated Record of Proceedings M.R.Civ.P. 80-B, filed. s/Nale, Esq. |
| 8/22/00 | Defendant's Brief, filed. s/Stevens, Esq.<br>Defendant's Motion to Extend Time to File Brief, files. s/Stevens, Esq.<br>Proposed Order, filed. |
| 8/24/00 | ORDER ON MOTION TO EXTEND TIME,Studstrup, J.<br>Defendant's brief is due is extended to August 25, 2000.<br>Copies mailed to attys of record. |
| 9/11/00 | Agreed Motion to Add 3rd Party, filed. s/Nale, Esq.<br>Proposed Order, filed. |
| ------- | Plaintiff's Reply Brief, filed. on 9/8/00, Nale, Esq. |
| 9/15/00 | MOTION TO ADD 3RD PARTY, Studstrup, J.<br>C & C shall file its answer on or before 10/6/00.  Plaintiff shall serve C & C with the petition, record and all briefs.  C & C shall file its brief by 11/3/00.<br>Copies mailed to attys. |