STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-20
DHM-KEN- 4/18/2002

EILEEN WILTUCK-WATSON,

Plaintiff

v.

CITY OF HALLOWELL, et al.,

Defendants

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

MAY 10 2002

This matter is before the court on plaintiff's request for M.R. Civ. P. 80B review of the City of Hallowell Zoning Board of Appeals decision to grant approval to a portion of the Kennebec River Rail Trail.

I.    Facts and Procedural History

The record before the court supports the following facts. The Kennebec River Rail Trail is a planned trail that will, upon completion, run approximately six and one half miles from Augusta to Gardiner along existing railroad tracks and the banks of the Kennebec River. The project involves an interlocal agreement between the communities of Augusta, Hallowell, Farmingdale and Gardiner, with the City of Augusta acting as administrator of the project's federal funding. The agreement created a Kennebec River Rail Trail Board of Supervisors to direct the project. Just over two miles of the northerly part of the project, connecting Capital Park in Augusta to a riverfront parking area in Hallowell, has already been constructed. This case concerns that portion of the completed trail that runs from the Augusta-Hallowell boundary south to the municipal parking lot at the north end of Hallowell, also referred to as

1

Hallowell Phase I. The trail in this area is partially paved, partially stone dust, measures roughly ten to twelve feet in width and is bordered in places by a wooden rail fence.

In September, 2000, in preparation for trail construction, the Board of Supervisors applied for a conditional use permit from the Hallowell Planning Board. A conditional use permit is required when a project involves new materials or processes not normally associated with the existing use. The applicant here anticipated new earthwork and fill placement associated with construction of the new trail. The Planning Board granted the conditional use permit and the plaintiffs[1] appealed to the Hallowell Zoning Board of Appeals (ZBA). Following a de novo review and several public hearings, the ZBA voted to affirm the decision of the Planning Board with minor modifications. The plaintiff now appeals the ZBA decision to this court, pursuant to M.R. Civ. P. 80B.

II.    Discussion

A. Standard of Review

When the decision of a governmental body is reviewed pursuant to Rule 80B, this court independently examines the record and reviews the decision for abuse of discretion, errors of law, or findings unsupported by substantial evidence. *York v. Town of Ogunquit*, 2001 ME 53, ¶ 6, 769 A.2d 172, 175; *Ranco v. City of Bangor*, 1997 ME 65, ¶ 6, 691 A.2d 1238, 1239. "Interpretation of zoning ordinance is a question of law." *Lewis*

---

[1] Twelve people are listed as appellants on the appeal to the Hallowell ZBA. Record, Sect. 3. The ZBA found that only one of the appellants, Eileen Wiltuck-Watson, had standing to appeal before the ZBA as she was an abutter to Phase I of the trail. The plaintiffs listed in the briefs filed for 80B review include seven of the original appellants along with Wiltuck-Watson. The other seven plaintiffs argue that they have standing because they are abutters to the proposed location of the next phase of trail construction. As the issue of the standing of the seven non-abutting plaintiffs was not briefed adequately, the court will treat Wiltuck-Watson as the sole plaintiff for purposes of this appeal only.

2

*v. Town of Rockport*, 1998 ME 144, ¶ 11, 712 A.2d 1047, 1049; *Oliver v. City of Rockland*, 1998 ME 88, ¶ 8, 710 A.2d 905, 908. "A court must interpret an ordinance by first looking at the plain meaning of the language to give effect to legislative intent." *Banks v. Maine RSA #1, Inc.*, 1998 ME 272, ¶ 4, 721 A.2d 655, 657. "The terms or expressions are construed reasonably with regard to both the objects sought to be obtained and to the general structure of the ordinance as a whole." *Oliver*, 1998 ME 88, ¶ 8, 710 A.2d at 908.

B. Jurisdiction.

The time limit for the filing of an appeal from a decision of a Zoning Board of Appeals is governed by state statute. *See* 30-A M.R.S.A. § 2691 (3)(G) (1996); *City of Bangor v. O'Brian*, 1998 ME 130, ¶ 1, 712 A.2d 517. "If a party does not file an appeal within the statutory period, the Superior Court has no legal power to entertain the appeal." *City of Lewiston v. Maine State Employees Ass'n*, 638 A.2d 739, 741 (Me.1994). 30-A M.R.S.A. § 2961 (3)(G) requires a party to appeal a ZBA decision within 45 days "of the date of the vote on the original decision." The record in this case indicates the members of the Board voted on all the relevant provisions of local ordinances in regard to the rail trail on February 1, 2001. Record, Sect. 43 (D). The defendants argue that this series of votes triggered the appeal period and the plaintiff's appeal of March 23, filed more than forty-five days later, is therefore untimely. The plaintiffs contend that the final vote was not taken until February 8, 2001 when the board met to review and adopt the draft decision. Record, Sect. 42.

The decision issued by the Board presents the best evidence in this case of the date from which the appeal period should be calculated. The last paragraph of the Board's decision states "[a] party may appeal this Order to the Maine Superior Court in accordance with Rule 80B of the Maine Rules of Civil Procedure within forty-five (45)

3

days of the Board decision, February 8, 2001." Record, Sect. 1, p. 9. This document clearly indicates the intent of the Board to treat February 8 as the date of its decision and the court will proceed accordingly. As the plaintiff's appeal was filed forty-three days after February 8, the appeal is timely and the court may exercise jurisdiction over the merits of this case.

C. Open Space District.

Portions of the rail trail pass through the Hallowell Open Space District and the plaintiff argues that the trail is not a permitted use in that district under the local ordinance. Permitted uses in the Open Space district are (1) outdoor conservation[2] and (2) hiking and skiing trails. Hallowell Code of Ord., Sect. 9-433. Conditional uses allowed in the Open Space district include (1) accessory buildings and structures, (2) campgrounds, (3) municipal recreational facilities and related structures, (4) timber harvesting, and (5) towers. Id., Sect. 9-434. The ZBA found the trail to be a permitted use in the Open Space district.

The plaintiff asserts that the definition of trail usage was effectively frozen upon submission of an application for federal funding which referred to the project as a "commuter bike trail." This use classification, she argues, removes the trail from consideration as a hiking, skiing or recreational use not requiring a structure. The ZBA found that the stated purpose of the trail in accommodating commuters who seek a non-motorized alternative "does not exclude a finding that the proposed use will in fact be recreational." Record, Sect.1, p. 2.

---

2 The Hallowell ordinance defines "outdoor conservation" as "nonintensive recreational uses not requiring structures, such as hunting, fishing, hiking, snowmobiling, fire prevention activities, wildlife management practices, soil and water conservation practices, harvesting wild crops, and public and private parks and recreation area involving minimal structural development." Hallowell Code of Ord., Sect. 9-151 (79).

4

Whether a proposed use falls within the terms of a zoning ordinance is a question of law. *Underwood v. City of Presque Isle*, 1998 ME 166, ¶ 9, 715 A.2d 148. The language in a zoning ordinance must be construed reasonably. *Lewis v. Town of Rockport*, 1998 ME 144, ¶ 11, 712 A.2d 1047. The plaintiff's characterization of the trail as commuter only and therefore not recreational is a constrained and unreasonable construction. Applying a common sense understanding to the anticipated use of the trail, the court sees no evidence that compels this unreasonable approach. The test here is not whether the predominate use of the trail is by people on their way to work or by people seeking fresh air and exercise. The ZBA, based on representations by the applicant, reasonably anticipated the proposed use of the trail to be largely recreational, a use which is expressly allowed within the Open Space district and, aside from distinguishing among the semantics of charcterizing trail usage, the plaintiff has failed to present any evidence compelling the court to draw a conclusion contrary to the findings of the ZBA.

D. Resource Protection Zone.

Portions of the trail pass through the Hallowell Resource Protection district. The plaintiff argues that the trail is not a permitted use in this area either. Permitted uses in the Resource Protection district are "conservation activities and recreational uses." Hallowell Code of Ord., Sect. 9-413. Although "recreational use" is not defined in the ordinance, the plaintiff urges the court to view the trail as a "facility" due to the fact that it requires some construction and impact on the land. Because the ordinance defines recreational facility as "a commercial facility necessary for recreational activity," id., Sect. 9-151 (90), the plaintiff then asks the court to distinguish between recreational uses, which are allowed in the Resource Protection district and recreational activities, which

she contends are not.

This syllogistic house of cards does not withstand scrutiny. While "recreation" may not be specifically defined in the Hallowell ordinance, "use" is described as "[t]he purpose for which land or a structure is arranged, designed or intended, or is occupied." Id., Sect. 9-151 (113). As the ZBA specifically found that the trail could be permitted as a recreational use, Record, Sect. 1, p. 2 (emphasis added), and the plaintiff failed to show that the trail would not be "arranged, designed or intended" for recreation, the findings of the ZBA allowing the trail in the Resource Protection district are reasonable.

E. Shoreland Zoning District.

The rail trail also falls within Hallowell's Shoreland Overlay district which includes all land within 250' of the normal high water mark of the Kennebec River. In this overlay area, land use is subject to the local zoning restrictions, such as resource protection and open space criteria, as well as additional shoreland standards adopted pursuant to 38 M.R.S.A. §§ 435-449 (Supp. 2001). All earth moving activities of 25 cubic yards or more within the Shoreland Overlay district also require a conditional use permit from the Hallowell Planning Board. Hallowell Code of Ord., Sect. 9-513 (5)(B).

The plaintiff argues that the trail is a direct violation of the shoreland zoning provisions in two ways. First, she maintains it is a "structure" under the meaning of the ordinance and because it is not a structure associated with marine activities, it is not allowed within 250' of the river. Second, she contends that because the trail is a structure, and is located in places within 75' of the normal high water mark of the river, it violates the Shoreland Zoning Act's prohibition on structures within the 75' setback zone.

6

The ZBA found that the trail was not a structure under either the Shoreland Zoning Act, 38 M.R.S.A § 436-A(12), or under the Hallowell Code of Ordinances, Sect. 9-151(103). Based upon the premise that the trail was not a structure, the ZBA then went on to find the trail was not subject to the restrictions imposed by the Shoreland Overlay provisions or the Shoreland Zoning setback restrictions.

Hallowell's ordinance defines structure as:

> Anything built for the support, shelter or enclosure of persons, animals, goods or property of any kind. Structures include buildings, platforms, decks, in-ground swimming pools, wharves, piers, and floats. Excluded are patios, fences, boundary walls, walks and driveways, earthwork and sanitary sewage disposal facilities.

Hallowell Code of Ord., Sect. 9-151(103); Record, Sect. 44, p. 231. The ZBA argues that its interpretation that the trail is not "built for the support or shelter of persons" is reasonable and that no language in the ordinance directly contradicts this conclusion. A "structure" conjures up an image of a house, a shed or a deck according to the ZBA, not a trail that stands alone and more closely resembles a road. The ZBA also points to the second sentence of the definition which expressly excludes walks form the definition of structure. A "walk" as defined in *Webster's 2d University Dictionary (1988)* is "a place, as a sidewalk, on which one may walk." The plaintiff insists "walk" must be narrowly construed to mean a path from a driveway to a door or from a house to a street.

Contested language in an ordinance "must be construed reasonably and with regard to both the ordinance's specific object and its general structure." *Peterson v. Town of Rangeley*, 1998 ME 192, ¶ 8, 715 A.2d 930 (citations omitted). To prevail, plaintiff must show "not only that the Board's findings are unsupported by record evidence, but also that the record compels contrary findings." *Total Quality v. Town of Scarborough*, 588

7

A.2d 283, 284 (Me. 1991).

There is nothing present in the record before the court that compels a finding contrary to that of the ZBA that the trail in question does not meet the definition of a "structure" within the Shoreland Overlay district. Although the ordinance definition is somewhat ambiguous and could lead to differing interpretations, the ZBA's decision "is not wrong because the record is inconsistent or a different conclusion could be drawn from it." *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1995).

The plaintiff further argues the "structure" issue under the Shoreland Zoning Act, which prohibits the construction of a structure within 75 feet of the normal high water line. The definition of structure under the statute differs only slightly from the definition in the town's ordinance.

> "Structure" means anything built for the support, shelter or enclosure of persons, animals, goods or property of any kind, together with anything constructed or erected with a fixed location on or in the ground, exclusive of fences.

38 M.R.S.A. § 436-A(12).

Municipal shoreland zoning ordinances, adopted pursuant to the State's Mandatory Shoreland Zoning Act, must be reviewed by the Commissioner of the Department of Environmental Protection to establish consistency with state standards and guidelines. 38 M.R.S.A. § 438-A(3). In April, 1994, Hallowell received a letter of approval from the Commissioner for its shoreland zoning provisions specifically stating that the provisions of its ordinance were substantially consistent with state requirements. Record, Sect. 11. As the state and local definitions of structure are functionally equivalent, the ZBA's finding that the trail was not a structure within the meaning of 38 M.R.S.A. § 436-A(12) was reasonable. The record also contains evidence

8

of State deference to determinations made at the local level of what constitutes a structure. Record, Sect. 10 (letter from State Shoreland Zoning Coordinator regarding definition of structure under Gardiner's shoreland ordinance). As the ZBA interpreted state law consistently with its own local shoreland ordinance and the plaintiff has presented little evidence demonstrating the unreasonableness of this interpretation, the decision of the ZBA finding that the trail was not a structure under applicable shoreland zoning provisions is upheld.

F. Traffic, Parking and Safety Issues.

The plaintiff takes the position that the ZBA's finding that the trail would not create a vehicular or parking hazard is unsupported by substantial evidence in the record. The use of a park to calculate comparable use in the traffic engineering study, she contends, was erroneous.

The substantial evidence standard requires the court to examine the entire record "to determine whether on the basis of all the testimony and exhibits before the [board] it could fairly and reasonably find the facts as it did." *Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990) (citations omitted). The court is not permitted to make findings independent of those explicitly found by the Board or to substitute its judgment for that of the Board. *Perrin v. Town of Kittery*, 591 A.2d 861, 863 (Me. 1991). The record here indicates the ZBA considered testimony on parking and safety from the applicant, the Augusta city engineer, and the Hallowell city manager, together with a traffic impact report prepared by Diane Morobito, P.E. in which she concluded that the trail would have no off-site traffic impacts. Record, sects. 2, 18, 36 43, 43(A). The evidence presented provides a competent and credible basis for the findings of the ZBA and the court will not disturb those findings.

9

## III. Conclusion

Therefore, for all the reasons above, the entry shall be:

Decision of the Hallowell Zoning Board of Appeals is AFFIRMED.

Dated: April _16_, 2002

Donald H. Marden
Justice, Superior Court

Date Filed ___3/23/01___ ___Kennebec___ Docket No. __AP-01-20__
County

Action ____80(b) Appeal____                 **J. ATWOOD**

                                      -Ronald Colby Esq. (City of Hallowell)
                                       PO Box 1051
                                       Augusta Maine  04332
Eileen M. Wiltuck-Watson,                       City of Hallowell;
Jenny Dayout, Keith Marquis, Sr.,               City of Augusta and
Ingrid Parady, Frank Trask,                     Kennebec Rail Trail
Audrey Ledew, Richard                           Board of Supervisors
Harper, and Kenneth Tuttle           vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Richard Golden, Esq.<br>PO Box 368<br>5 Maple Street<br>Lisbon Falls, ME  04252 | -Stephen Langsdorf, Esq. (City)<br>PO BOx 1058<br>Augusta, Maine  04332<br>- Jack Comart, Esq. (Kennebec Trail)<br>122 P. Ridge Road    - Douglas Thornsjo,Es<br>Readfield, Maine 04355 326 Gordon Rd.<br>- Pat Ende, Esq.          Readfield, ME 04355<br>18 Academy Street    - Thomas Federle,Esq.<br>Hallowell, Maine 04347 61 Winthrop St.<br>                         Augusta, ME 04330 |

| Date of Entry | |
|---|---|
| 3/23/01 | Petition for Review of Governmental Action, filed.  s/R. Golden, Esq.    Case File Notice issued to R. Golden, Esq. |
| 3/26/01 | Notice of briefing schedule mailed to atty. |
| 4/4/01 | Entry of Appearance and Motion to Dismiss by Defendant City of Augusta, filed. s/Langsdorf,Esq. |
| 4/9/01 | Original summons with return of service on Cheryl Firth on 3/28/01. (City)<br>Original summons with return of service on Cheryl Firth on 3/28/01. (Rail Trail Board)<br>Original summons with return of service on Diane Polkey on 3/28/01 (City of Hallowell).<br>All filed on 4/6/01. |
| ------- | Notice of Appearance, filed. s/Comart, Esq., s/Ende, Esq., s/Thornsjo, Esq., s/Federle, Esq. |
| 4/11/01 | Answer of Defendant City of Hallowell, filed. s/Colby, Esq. |
| 4/24/01 | Memorandum in Opposition to Defendant City of Augusta's Motion to Dismiss, filed. s/Golden, Esq. |
| 5/1/01 | Letter informing the court that there is no objection to motion being denied, filed. s/Langsdorf, Esq.  (filed 4/30/01) |
| 5/11/01 | Defendants Memorandum in Opposition to Plaintiffs' Motion for Trial of the Facts, filed. s/Federle, Esq. (attached exhibits "A" and "B")<br><br>Motion to Dismiss with Incorporated Memorandum of Law, filed. s/Federle, Esq. (attached exhibits "A" and "B")<br>Proposed Order, filed. |
| 5/31/01 | Memorandum in Opposition to Motion to Dismiss, filed. s/Clifford, Esq. |
| 7/3/01 | Motion for Trial Rule 80B(d);<br>Memorandum in Support of Motion for Trial of the Facts;<br>Proposed Order:<br>Statment of Facts;  s/R. Golden, Esq.   and<br>Affidavits of Richard Golden and Sylvanus Doughty, filed.<br>(filed 4/20/01 and placed and docket in wrong file CV-01-20) |