STATE OF MAINE

KENNEBEC, ss.

LYNN GERARD,

Plaintiff

v.

CITY OF GARDINER, *et al.*,

Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-59
SKS - KEN - 1/19 - 05

DONALD L. GARBRECHT
LAW LIBRARY

MAY 28 2003

DECISION ON
RULE 80B APPEAL

This matter comes before the court on the appeal of plaintiff Lynn Gerard pursuant to M.R. Civ. P. 80B, from a decision of the City of Gardiner Zoning Board of Appeals ("ZBA"). The decision of the ZBA came following its review of a previous decision by the Gardiner Planning Board which denied a conditional use application by the Apostolic Faith Ministry for the new use of part of an existing building. The appeal will be granted.

## Background

On January 24, 2002, defendant Theresa Henderson of the Apostolic Faith Ministry filed an application for a conditional use permit to allow her church to use the first floor of a building located at 8 Gary Street in Gardiner as a "place of worship and other related religious structures." The building in question, a/k/a The Carriage House, is a two-story residential structure located on a dead-end street, immediately adjacent to Ms. Gerard's residence. The Code Enforcement Officer investigated the application and recommended to the Planning Board that the application be approved with four conditions. The application was first taken up at the Planning Board's meeting of February 13, 2002. After comments by several members of the public who reside in the neighborhood and discussion of their concerns, the Board tabled the

application to allow the applicant to address certain issues which had been raised. The application was taken up again at the Planning Board meeting of April 10, 2002. Several neighbors again expressed their reservations concerning the proposed new use of the property. The Board eventually voted unanimously to deny the application based on findings which are cause for denial pursuant to the Gardiner Zoning Ordinance, § 3204(H)(3)(d)(1).

The Hendersons appealed the Planning Board decision to the ZBA. During its proceedings, the ZBA remanded the matter to the Planning Board for clarification of the factual basis for the Planning Board's decision. On July 10, 2002, the Planning Board issued a further written decision, upholding its original decision but identifying specific facts as found by the Planning Board which formed the basis for its denial of the permit. The ZBA went on to reverse the Planning Board by a 3-2 vote and directed issuance of the permit. The present appeal to this court followed.

### Discussion

When the decision of a governmental body is appealed pursuant to Rule 80B, this court independently examines the record and reviews the decision for abuse of discretion, errors of law, or findings unsupported by substantial evidence. *Ranco v. Cit of Bangor*, 1997 ME 65, ¶ 6, 691 A.2d 1238, 1239. The substantial evidence standard requires the court to examine the entire record "to determine whether on the basis of all the testimony and exhibits before the [b]oard it could fairly and reasonably find the facts as it did." *Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990). The court is not permitted to "make findings independent of those explicitly or implicitly found by the [governmental body] or [to] substitute its judgment for that of the [government body]." *Perrin v. Town of Kittery*, 591 A.2d 861, 863. "The [government body's] decision is not

2

wrong because the record is inconsistent or a different conclusion could be drawn from it." *Twigg v. Town of Kennebunk,* 662 A.2d 914, 916 (Me. 1995).

Applying the standards of review set forth above to this case, since the ZBA was acting as an appellate body,[1] the court will review the Planning Board's decision directly to determine whether there was such error of law, abuse of discretion or flaw in the evidence.

After considering the Planning Board's decision and the basis for that decision, the court finds no abuse of discretion or error of law. The Hendersons were given full opportunity to present their position and information – as were others with an interest in the project – and an opportunity to further address the Board's concerns at the second hearing. The Hendersons may disagree with the Board's decision, but disagreement with a decision does not mean there was an abuse of discretion. The decision of the board turned on its findings of fact rather than conclusions of law, and the court finds no legal error in the deliberations or decision.

The final consideration on appeal is whether the Planning Board's findings were supported by substantial evidence in the record as a whole. It is not necessary that the appellate body agrees with the analysis or would have made the same decision based on the facts. Review is limited to whether there is support in the record. The Planning Board made three key findings leading to its denial of the application.. First, concerned

---

[1] Ordinarily municipal zoning boards of appeals are required to conduct a de novo review of planning board decisions. *See* 30-A M.R.S.A. § 2691(3)(D). However, a municipality may provide by local ordinance that the board of appeals will act solely in an appellate capacity when reviewing planning board decisions. The City of Gardiner is one of the municipalities that has so limited its zoning board of appeals. *See* section 3204(H)(2)(c)(2)(a). The ordinance goes on to state the ZBA's limited scope as follows: "In the event that the Board of Appeals finds that the planning board . . . misapplied the Ordinance and/or acted in an arbitrary or capricious manner, the Board of Appeals may modify or reverse the action of the Planning Board." So the ZBA's review is limited to determining either (1) misapplication of the ordinance or (2) arbitrary or capricious activity. It is not clear from the ZBA decision that the board understood this limitation and there is some indication that the ZBA conducted a de novo review and made its own findings. An enlightening discussion of the differences between the two functions is found in *Stewart v. Town of Sedgwick,* 2000 ME 157, 757 A.2d 773.

the creation of "noise, vibrations, fumes, odors, dust, dirt, fly ash, glare, vapors, gases, smoke, litter, or excessive lighting, beyond the lot line of the proposed use." The Board found that the proposed use would cause increased auto traffic, spilling into the surrounding neighborhood, and create significant dust because the parking lot was made of gravel. *See* Record at 134. There is more than adequate record evidence that the Planning Board considered the testimony of the public and that it considered the possibility that traffic would increase as the church grew. *See* Record at 199-203. Further, applicants offered rough traffic estimates that may or may not be consistent with the proposed use, and based on a church membership estimate that could change over time. *Id.* at 54.

Regarding the second key finding, that "the provision for vehicular loading and unloading, parking and/or vehicular and pedestrian circulation on the site and onto adjacent public streets will create hazards to safety," the Planning Board determined that the increased traffic on a narrow, dead-end street would create safety hazards during vehicular loading and unloading. *See* Record at 134, 135. Again, the Planning Board considered the information before it, such as a likelihood that the proposed use and traffic may expand over time, and the Planning Board's own experiences with church parking in other areas of the city. The Planning Board also determined that the applicants failed to present a sufficient plan as to traffic flow and parking. *Id.* at 135. The fact that applicants would reach a different conclusion than the Planning Board does not itself justify a finding that the Board committed error in denying the permit. *See Sproul v. Town of Boothbay Harbor*, 2000 ME 30, ¶ 8, 746 A.2d 368, 372.

The third key finding concerned incompatibility with the surrounding neighborhood. Here, the Planning Board reiterated that the neighborhood in question was quiet; there are only five houses on the street, and the street is a dead-end road.

4

Applicants requested a permit to hold up to seven events per week with any where from three to eight cars per event (not including traffic to drop off and pick up children) and many events on evenings and Sundays. *See* Record at 54, 72 and 155. The Board concluded that traffic will likely increase and the hours of operation would not be consistent with the present neighborhood. The Board also made site visits to the property and were familiar with the residential character of the street.

In summary, the court, applying the appellate standard of review applicable under Rule 80B, finds no error of law or abuse of discretion by the Planning Board, and finds that the Board's findings are supported by substantial evidence in the record despite the fact that the evidence could be considered conflicting on various points.

Therefore, the entry will be:

> Decision of the Gardiner Zoning Board of Appeals is REVERSED and REMANDED. The decision of the Gardner Planning Board denying the conditional use permit is AFFIRMED.

Dated: April 18, 2003

S. Kirk Studstrup
Justice, Superior Court ·

5

Date Filed __8/30/02__ __Kennebec__ Docket No. __AP02-59__
County

Action __Rule 80B Complaint__

# J. STUDSTRUP

Lynn Gerard                                  vs.  City of Gardiner, et als

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| James I. Cohen, Esq.<br>Scott D. Anderson, Esq.<br>One Portland Square<br>Portland, Maine 04112-0586 | William Ferdinand, Esq. (City of Gardiner<br>Erik Stumpfel, Esq.        Gard, Zoning Bd<br>167 Park Row                & Gardiner Plann.<br>PO Box 9<br>Brunswick, Maine 04011<br>Thomas Watson, Esq. (Apostolic Faith &<br>P.O. Box 710            Henderson)<br>Bath, Maine 04530 |

| Date of Entry | |
|---|---|
| 8/30/02 | Rule 80B Complaint, filed. s/Cohen, Esq. |
| **9/3/02** | Notice of briefing schedule mailed to attys of record. |
| 9/9/02 | Letter entering appearance, filed. s/Watson, Esq.<br>Acknowledgment and Acceptance of Service, filed. s/Watson, Esq. |
| 9/11/02 | Acknowledgment and Acceptance of Service, filed. s/Watson, Esq.<br>Acknowlegement and Acceptance of Service, filed. s/Ferdinand, Jr., Esq. |
| 10/9/02<br>****** | Plaintiff's Brief in Support of Rule 80B Complaint, filed. s/Anderson, Esq.<br>80B Record, filed.. |
| 11/6/02 | Defendant Apostolic Faith Ministry's Brief in Opposition to Rule 80B<br>Complaint, filed. s/Watson, Esq. |
| 11/8/02 | Brief of Defendant City of Gardiner, filed. s/Stumpfel, Esq.<br>Certificate of Service, filed. s/Stumpfel, Esq. |
| 11/19/02 | Plaintiff's Reply Brief in Support of Rule 80B Complaint, filed.<br>s/Cohen, Esq. |
| 1/23/03 | Letter from attorney Stumpfel indicating he will not participate in the<br>oral arguments scheduled for 2/5/03. |
| 2/5/03 | ORAL ARGUMENTS, Hon. Kirk Studstrup, Presiding (no courtroom clerk)<br>Case taken <u>under advisement</u>. |
| 4/22/03 | DECISION ON RULE 80B APPEAL, Studstrup, J. (dated 4/18/03)<br>        Decision of the Gardiner Zoning Board of Appeals is REVERSED and RE-<br>MANDED. The decisionof the Gardner Planning Board denying the conditional<br>use permit is AFFIRMED.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss.<br><br>Notice of removal of record mailed to attys. |