2004 ME 50

**Perry A. LAMB**

v.

**TOWN OF FARMINGTON.**

No. Fra–03–613.

Supreme Judicial Court of Maine.

Argued: March 11, 2004.
Decided: April 8, 2004.

Perry Lamb (orally), Brunswick, for the appellant.

Frank Underkuffler, Esq. (orally), Farmington, for the appellee.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CALKINS, J.

[¶ 1] Perry A. Lamb appeals from a judgment entered in Superior Court (Franklin County, *Jabar, J.*) affirming an order of the Town of Farmington discontinuing a portion of the Hovey Road. Lamb contends that (1) Farmington is required to obey a road repair order that was issued by the Franklin County Commissioners; (2) the road discontinuance order violates

an earlier settlement order in a related case; and (3) Farmington's decision to discontinue the road was void because town officials gave erroneous information about the road to the voters. We affirm the judgment.

## I. BACKGROUND

[¶ 2] Lamb owns a tree farm in New Sharon, and the westerly boundary of the farm is the town line between New Sharon and Farmington. The portion of the Hovey Road at issue is from the town line into the Town of Farmington. In 1999, Lamb brought an action against Farmington seeking to require the town to repair the Hovey Road. As a result of a settlement conference, all the parties agreed to a resolution, which was incorporated into an order (Franklin County, *Crowley, J.*) dated November 15, 2001. The pertinent portion of that order read:

> [T]his matter as to the Hovey Road is remanded to the County Commissioners or the County Commission for further proceedings. This agreement is without prejudice to the Town hereafter having the right to seek discontinuance of the Hovey Road provided that no discontinuance proceeding would be commenced until after the County Commission has given notice to the municipal officers prescribing what repairs should be made and fixing the time in which the Town shall make those repairs pursuant to Title 23 § 3652 ....

[¶ 3] The Franklin County Commissioners held a hearing, and pursuant to 23 M.R.S.A. § 3652 (1992),[1] they ordered Farmington to make repairs to Hovey Road by July 31, 2002. The order provided that if the town did not repair the road, the commissioners would have the work done and bill the town. The estimated cost of the repairs was $56,000. Soon after the commissioners issued the repair order, the town notified Lamb that it was commencing proceedings to discontinue the Hovey Road.

[¶ 4] The discontinuance was discussed at a public hearing on January 22, 2002. At the hearing the town's attorney explained to the Farmington selectmen the import of the settlement order and the county commissioners' order. Town officials had prepared a document entitled "Questions and Answers Regarding the Proposed Discontinuance of the Upper Hovey Road." The selectmen voted to discontinue the road.

[¶ 5] The selectmen's decision to discontinue the road was placed before the Farmington voters at a town meeting on March 11, 2002. The town had prepared for the voters another document entitled "Questions and Answers Regarding the Proposed Discontinuance of the Upper Hovey Road," which was similar to the document prepared for the January hearing. The voters approved the discontinuance.

[¶ 6] As a result of the discontinuance, Lamb filed a timely complaint in the Superior Court, which stated that it was filed pursuant to 23 M.R.S.A. § 3029 (1992) and M.R. Civ. P. 80B. Lamb requested a trial

---

1. The road repair statute provides in pertinent part:

    When a town liable to maintain a way unreasonably neglects to keep it in repair ... any 3 or more responsible persons may petition the county commissioners for the county, setting forth such facts, who, if satisfied that such petitioners are responsible for the costs of the proceedings, shall fix a time and place near such defective way for a hearing on such petition ... and if they adjudge the way to be unsafe and inconvenient ... they shall prescribe what repairs shall be made, fix the time in which the town shall make them, give notice thereof to the municipal officers and award the costs of the proceedings against the town. 23 M.R.S.A. § 3652 (1992).

on his claim that the town misrepresented facts to the voters, but the court denied the request. Because the complaint also alleged that the town violated the November 15, 2001, settlement order, the court referred the matter to the justice who had signed the settlement order.

[¶ 7] Upon Farmington's motion for clarification of the settlement order, the Superior Court (*Crowley, J.*) issued a clarification. The court framed the question for clarification as: "Was the Town of Farmington required, pursuant to the terms of my Order ... to make the repairs before it discontinued the Hovey Road?" The court stated that the settlement order prohibited the town from discontinuing the road until the county commissioners "had prescribed the repairs to be made and the time in which to make the repairs." Further, "Farmington was not required ... to make the repairs before it discontinued the Upper Hovey Road."

[¶ 8] Thereafter, the court heard arguments on the merits of the action, and the Superior Court (*Jabar, J.*) affirmed the town's order discontinuing the road.

## II.  DISCUSSION

[¶ 9] We review directly the road discontinuance order of the Town of Farmington. *See Ranco v. City of Bangor,* 1997 ME 65, ¶ 6, 691 A.2d 1238, 1239.

### A.  Road Discontinuance Statute

■ [¶ 10] Lamb's primary contention is that the road discontinuance order does not negate the county commissioners' repair order. He does not dispute the town's ability to discontinue the road; he only argues that despite the discontinuance, the town must obey the repair order.

[¶ 11] The statute, which authorizes a town to discontinue a road, 23 M.R.S.A. § 3026 (1992),[2] has no requirements regarding outstanding road repair orders. The statute does not make a discontinuance order conditional upon a town complying with a repair order. There is no cross-reference in the discontinuance statute to 23 M.R.S.A. § 3652, the road repair statute. We are unwilling to imply any statutory requirement that a town that discontinues a road remains obligated to obey a repair order issued pursuant to section 3652.[3]

### B.  Settlement Order

■ [¶ 12] Lamb also argues that the town is required to obey the repair order by the November 15, 2001, settlement order. However, nothing in the terms of the order requires the town to make any repairs. The settlement order required the commissioners to give notice to the town as to "what repairs should be made" and the time period within which to make the repairs. The town could not commence a discontinuance proceeding until the county commissioners acted. The settlement order was silent as to whether the town remained obligated to repair the road even

2.  The road discontinuance statute provides in pertinent part:
    A municipality may terminate in whole or in part any interests held by it for highway purposes. A municipality may discontinue a town way or public easement after the municipal officers have given best practicable notice to all abutting property owners and the municipal planning board or office and have filed an order of discontinuance with the municipal clerk that specifies the location of the way, the names of abutting property owners and the amount of damages, if any, determined by the municipal officers to be paid to each abutter.
    23  M.R.S.A. § 3026(1) (1992).

3.  We emphasize the fact that no act or decision of the county commissioners is under review in this matter. We express no view as to the enforcement of the road repair order.

if it discontinued it. Therefore, the town's discontinuance order does not contravene the earlier related settlement order.

C.   Representations at the Town Meeting

■ [¶ 13] Lamb argues that town officials made misrepresentations to the town voters concerning the November 15, 2001, settlement order, and therefore, the discontinuance order should be vacated. The specific representation that Lamb objects to is a statement that the town would avoid the repair costs if the town voted to discontinue the road. This statement was the town officials' interpretation of the settlement order. Lamb and others had the opportunity to give their interpretations of the order. The settlement order was available for any voter to review and draw his or her own conclusions about whether the town officials' interpretation was correct. Given that the settlement order was available, even if the town officials made a misleading statement, instead of a statement of interpretation, we would be loathe to grant the drastic remedy of overturning the results of an election on that basis. *See Common Cause v. State*, 455 A.2d 1, 14–15 (Me.1983).

The entry is:

Judgment affirmed.