**Andrea LYNCH**

v.

**LEWISTON SCHOOL COMMITTEE et al.**

Supreme Judicial Court of Maine.

Argued Jan. 18, 1994.

Decided April 1, 1994.

---

Donald F. Fontaine (orally), Kaighn Smith, Jr., Fontaine & Beal, Portland, for plaintiff.

George S. Isaacson (orally), Brann & Isaacson, Lewiston, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

Andrea Lynch appeals from a summary judgment entered in the Superior Court (Androscoggin County, *Alexander, J.*) in favor of the Lewiston School Committee and Superintendent Robert Connors. She contends that she had a teaching contract with the committee and therefore was entitled to a hearing and a statement of the reasons for her termination from a teaching position; and challenges the court's dismissal of the untimely portion of her complaint that sought direct judicial review of the committee's action. Finding no error, we affirm the judgment.

Lynch was employed as a probationary teacher at Lewiston High School from August 29, 1990, to August 27, 1992. In early spring 1992 she completed a form expressing her intention to remain in the same teaching position the following school year. She was then nominated for a "continuing contract" position by Superintendent Connors, and elected to that position by the committee.[1] On May 12, 1992, however, before a contract was signed, the Lewiston High School principal told her to resign or be fired. Although Lynch sought explanations from the principal, the superintendent, and the committee, none were forthcoming.

On August 31, 1992, three days after her probationary teaching contract expired, Lynch filed a grievance pursuant to the procedure set forth in the collective bargaining agreement. The principal, the superintendent, and the committee denied the grievance at each step of the process. On November 10, 1992, Lynch filed a complaint in the Superior Court alleging a denial of due process, arbitrary and capricious conduct by the committee, and breach of contract. The Superior Court dismissed the second count as untimely, and granted a summary judgment against Lynch on the first and third counts. This timely appeal followed.

### I.

■ We review the trial court's summary judgment for errors of law, viewing the record in the light most favorable to the party against whom the judgment was entered. *Chasse v. Mazerolle*, 622 A.2d 1180, 1182 (Me.1993). Lynch bases her first claim on federal law, asserting that she was denied a property interest in continued employment without due process of law, in violation of the Fourteenth Amendment. *See* U.S. Const. amend. XIV, § 1. We disagree.

■ To be entitled to due process, Lynch must first establish that she had a

property interest in continued employment. *Mercier v. Town of Fairfield*, 628 A.2d 1053, 1055 (Me.1993). Such an interest arises only on a showing of "a legitimate claim of entitlement" to employment, which in turn arises from existing rules or "mutually explicit understandings" generated by an independent source such as state law. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972). Because a probationary teacher has no legitimate claim of entitlement to a contract renewal, *Lovejoy v. Grant*, 434 A.2d 45, 50 (Me.1981), Lynch relies on 20–A M.R.S.A. § 13201 (1993), the statutory procedure for hiring teachers.[2] She contends that the facts of her nomination and election established the superintendent's statutory duty to hire her, as well as a mutual understanding that she would be employed.

■ Section 13201 does not create a contract by operation of law after a teacher's probationary period expires. *Anderson v. Cape Elizabeth Sch. Bd.*, 472 A.2d 419, 421 (Me.1984). Rather, that section sets forth the three steps that must occur in order for a teacher to be hired. Not only must nomination and election take place, but also actual employment of the individual so nominated and elected. *See Michaud v. Inhabitants of St. Francis*, 127 Me. 255, 259, 143 A. 56, 57 (1928) ("After nomination and approval there still remains an important act to be performed. The teacher must be 'employed.'"). The decision to employ is left to the discretion of the superintendent—he "may" do so. 20–A M.R.S.A. § 13201. In this case, he did not.

■ Lynch's reliance on *Benson v. Inhabitants of Newfield*, 136 Me. 23, 1 A.2d 227 (1938), is misplaced. In that case, the employee had already worked for several months when the superintendent attempted

---

**1.** The committee enters into "continuing contracts" with nonprobationary teachers, whereby the contract is automatically renewed each year unless the teacher receives written notice to the contrary at least six months in advance. *See* 20–A M.R.S.A. § 13201 (1993).

**2.** Section 13201 provides in pertinent part:

The superintendent shall nominate all teachers, subject to such regulations governing salaries and the qualifications of teachers as the school board shall make. Upon the approval of nominations, by the school board, the superintendent may employ teachers so nominated and approved. . . .

to dismiss him. *See id.* at 25, 1 A.2d at 228. The superintendent had given Benson specific directions about performing his duties, had approved vouchers for payment of his salary, and had asked him to resign. *Id.* at 30, 1 A.2d at 230–31. The third step in the process, actual employment, had taken place, albeit without execution of a written contract. *See id.* In Lynch's case, less than a month after her nomination and election she was informed that she would not be employed the following year. Although we need not decide exactly what action by the superintendent would constitute employment, it is clear that in this case the requisite third step did not occur.[3]

Lynch has also failed to establish that her nomination and election resulted in a mutual understanding that she would be employed. A property interest in continued employment may arise from "implicit ... agency conduct or policy." *Hammond v. Temporary Compensation Review Bd.*, 473 A.2d 1267, 1271 (Me.1984). In these circumstances, the committee's conduct did not create such an interest.

Lynch first erroneously relies on the fact that no teacher elected to a continuing contract by the committee in the past fifteen years had been denied employment. Such past conduct does not create a constitutional right "by estoppel." *Leis v. Flynt*, 439 U.S. 438, 444 n. 5, 99 S.Ct. 698, 701 n. 5, 58 L.Ed.2d 717 (1979) (per curiam). *See also Lovelace v. Southeastern Massachusetts Univ.*, 793 F.2d 419, 424 (1st Cir.1986) (statement to professor that no one had been denied tenure in the recent past merely described past events and did not create a property interest in tenure). Neither is Lynch aided by the form that she completed expressing her intention to remain in the same teaching position, since she testified that she considered the form to be merely an application for a continuing contract position and the Superintendent stated that he viewed it only as a planning document. As for ratification of the minutes of the meeting at which the committee elected Lynch, there is no evidence that the committee had a policy, written or otherwise, that the minutes constituted "legal, binding action" on its part. *See Gosney v. Sonora Indep. Sch. Dist.*, 603 F.2d 522, 525 (5th Cir.1979). In fact, because section 13201 gives the superintendent the discretion to employ teachers, the committee could not institute such a policy. *See Michaud*, 127 Me. at 259, 143 A. at 57 (school committee has no authority to employ teachers).

Lynch has not demonstrated a property interest in continued employment, either by statute or by mutual understanding. Accordingly, as a probationary teacher she was not entitled to a hearing or a statement of the reasons for her termination. *See* 20–A M.R.S.A. § 13201 (only teachers employed on a continuing contract are entitled to reasons and a hearing). The court properly entered a summary judgment against her on the due process claim.

## II.

 Lynch also challenges the court's dismissal of her second count, in which she charged the committee with arbitrary and capricious conduct. She brought that count pursuant to M.R.Civ.P. 80B, which requires that a complaint be filed within 30 days after notice of an agency's refusal to act. M.R.Civ.P. 80B(b). In this case, the appeal period began at the end of August, on the day Lynch's new contract would have begun. *See Sawin v. Town of Winslow*, 253 A.2d 694, 698 (Me.1969) (appeal period for denial of teacher's salary increase began on the date the new salary schedule went into effect). Because Lynch filed her complaint in November, well beyond the 30 days after her new contract would have begun, her complaint was not timely.

The entry is:

Judgment affirmed.

All concurring.

---

3. The failure of the third step also precludes a finding that Lynch and the committee entered into a contract for the 1992–93 school year. *See Benson v. Inhabitants of Newfield*, 136 Me. 23, 30, 1 A.2d 227, 231 (1938). Accordingly, the court properly entered a summary judgment against Lynch on her breach of contract claim.