STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, ss                           CIVIL ACTION
                                        DOCKET NO. CV-2004-140

                                        *A M M P E N - 3/ /*

MICHAEL S. BLAKE,                  )
                                   )
                    Plaintiff      )
                                   )
v.                                 )            APR 2(, 2005
                                   )
MAINE SCHOOL ADMINSTRATIVE         )
DISTRICT #46                       )
                                   )
and                                )        DECISION AND JUDGMENT
                                   )
LESTER W. BUTLER                   )
                                   )        *FILED / ENTERED*
and                                )        *SUPERIOR COURT*
                                   )        *MAP 18 2005*
BRUCE A. BAILEY                    )
                                   )        *PENOBSCOT COUNTY*
                    Defendant      )


      This matter is before the Court on the Motion for Judgment on the Pleadings Motion for

Judgment on the Pleadings (Maine Rule of Civil Procedure 12(c)) brought by the Defendants,

Maine School Administrative District No. 46 (herein "**MSAD # 46**"), Lester W. Butler and

Bruce Bailey. The Court will treat this motion as a Motion to Dismiss. The Defendants have

also filed a separate Motion to Dismiss the Amended Complaint.

                              **Background**

      On September 4, 2003, Blake interviewed for a teaching vacancy at Dexter Regional

High School. Present at the interview were Defendant Principal Bruce Bailey, Assistant

Principal Steven Hall and two teachers from the school's social studies department. During this

interview, Blake was given information about the position, including the pro-rated salary he was

entitled, the amount of contribution to his health insurance and when he would be expected to

1

begin working (September 22, 2003). Blake alleges that he specifically inquired whether the hiring committee, and in particular, Principal Bailey had the authority to make the decision to hire him. Blake alleges that Principal Bailey told him that he was the one who hires. Blake informed Principal Bailey and the committee that his current employer, Bangor Christian School, would need two weeks advance notice before he could leave his position. On September 5, 2003, Principal Bailey forward an e-mail message to Blake (Exhibit A) that indicated that the committee had unanimously decided to hire him and that his position would start on September 22, 2003. Blake claims that, in reliance on the representations made to him during the interview on September 4, 2003 and in the e-mail, he believed that Principal Bailey had the authority to offer the teaching position and that the September 5th e-mail manifested an offer of employment. Blake responded to the e-mail and indicated that he was accepting the perceived offer. Blake met with his current employer on September 6, 2003 and tendered his resignation in reliance on the representations. On September 8, 2003, Blake was contacted by Defendant Superintendent Butler and was told that the he had reduced the discussed salary from approximately $42,000 to $23,900.00 and that unless Blake signed the contract by September 12, 2003, the position would be offered to another candidate. On September 12, 2003, Blake met with Butler, but was informed that the he would not be hired.

Blake filed a complaint against MSAD # 46, Bailey and Butler alleging Fraud (Count 1), Breach of Contract (Count 2), Promissory Estoppel (Count 3) and Misrepresentation (Count 4). MSAD # 46 argues that Maine teacher employment statute, 20-A M.R.S.A. § 13201 (Supp. 2004) and its subsequent case law bar all of Blake's claims as a matter of law.

2

## Discussion

### A.    Standard of Review

Any party may move for judgment on the pleadings if it is made after the pleadings are closed and within such time as not to delay trial.  M.R. Civ. P. 12(c).  Unless matters outside the pleadings are presented, a Motion for Judgment on the Pleadings should be treated as a Motion to Dismiss.  Stevens v. Bouchard, 532 A.2d 1028 (Me. 1987).  A civil action may be dismissed when the complaint fails to state a claim upon which relief can be granted.  M.R. Civ. P. 12(b)(6).  Such a motion tests the legal sufficiency of the plaintiff's complaint, Plimpton v. Gerrard, 668 A.2d 882, 885 (Me. 1995), and not the sufficiency of the evidence the plaintiff is likely to present, Barnes v. McGough, 623 A.2d 144, 146 (Me. 1993).  The allegations of the complainant are viewed as true for the purposes of the motion and the case in a light most favorable to the plaintiff.  In re Wage Pay Litigation, 2000 ME 162 ¶ 3, 52 A.2d 217, 220.  Thus, a motion to dismiss is properly granted when it appears beyond doubt that the plaintiff is entitled to no relief under the facts that might be proved in support of the claim.  Dutil v. Burns, 674 A.2d 910, 911 (Me. 1996).  The legal sufficiency of a complaint is a question of law.  Thompson v. Dept. of Inland Fisheries and Wildlife, 2002 ME 78 ¶ 4, 796 A.2d 674.

### B.    Applicable Law

#### 1.    *Maine's Teacher Employment Statute*

The Legislature has established a three-step process for the hiring of teachers in Maine in order to "ensure the selection of the best possible teachers . . . ."  Benson v. Inhabitants of the Town of Newfield, 1 A.2d 277, 229 (Me. 1938).  See also Bd. of Dirs. v. Maine Sch. Admin., 428 A.2d 419 (Me. 1981).  In order for an teacher's employment contact to form 1) the superintendent must nominate the applicant, 2) the school board must approve the nomination

3

and 3) the superintend must the employ the applicant for such terms as the superintendent deems proper subject to approval of the school board. 20-A M.R.S.A. § 13201 (Supp. 2004).

The Law Court has taken a strict interpretation of the statute. See Lynch v. Lewiston Sch. Comm'n, 639 A.2d 630 (Me. 1994) (no denial of due process of law when teacher was approved by the school board but the superintendent refused to hire her and no property interest in continued employment); M.S.A.D. No. 36 Board o Directors v. M.S.A.D. No. 36 Teachers Association, 428 A.2d 418 (Me. 1981) (school board was not allowed to voluntarily limit its own discretion by giving preference to in house applicants).

2.    Breach of Contract (Count 2)

MSAD # 46 argues that no contract can form, as a matter of law, until all three of the steps in the teacher's employment statute are complete. Blake sets forth two opposing arguments. First, he argues that the Superintend could have delegated the authority to hire a teacher to Principal Bailey and second, he argues that, because of the actual position for which he was applying he was not a "teacher" for purposes of the statute.

Law Court has stated that a breach of contract claim cannot be sustained under the teacher's employment statute unless all of the steps in the statute have been completed. Lynch, 639 A.2d at 633 n.3. In Lynch, the school dismissed the applicant after being employed from August 29, 1990 to August 27, 1992 as a probationary teacher. She filed a breach of contract claim and the Court, affirming the Superior Court's summary judgment, found that no contract existed, because the final step in the statutory hiring process had not occurred. Id.

The statute prohibits Butler to delegate authority to hire to Principal Bailey and Blake does not allege that the entire statutory process occurred. In fact, based on the allegations, none

4

of the steps occurred, because Superintendent Bailey never nominated Blake to the school board. Based on the case law, no contract could have existed under the teacher employment statute.

Blake also argues that the position he applied for did not fall under the jurisdiction of the statute. Even if this argument were appropriate, given the vagueness of the Complaint[1], a plain reading of the statute reveals that the position that Blake was applying was envisioned by the Legislature to fall within the statute.

The statute does not define the word "teacher." However, the meaning of statutory language is a question of law. Medical Mutual Ins. Co. of Maine et al. v. Bureau of Ins. et al., 2005 ME 12, ¶ 5, 866 A.2d 117. Courts look first to the plain meaning of the statutory language to give effect to legislative intent. S.D. Warren Co. v. Bd. of Envtl. Prot., 2005 ME 27, ¶ 5, __ A.2d __. "Unless the statute itself discloses a contrary intent, words in a statute must be given their plain, common, and ordinary meaning, such as people of common intelligence would usually ascribe to them." Butterfield v. Norfolk & Dedham Mut. Fire Ins. Co., 2004 ME 124, P4, 860 A.2d 861, 862 (citations omitted).

The Law Court did, on one occasion, have an opportunity to define the word "teacher" in the statute. It found that a "Special Education Director" did not fall within the statute, because the job description was "couched almost entirely in terms of managerial and supervisory duties and requires her neither to be assigned to a classroom nor instruct or have contact with students." Cook v. Lisbon Sch. Comm., 682 A.2d 672, 676 (Me. 1996). Here, while Blake's description of

---

[1] M.R. Civ. P. 12(c) states that a motion for judgment on the pleadings must be limited to matters within the pleadings or else the motion must be treated as one for summary judgment under M.R. Civ. P. 56. Here, the parties are treating this motion, correctly, as a motion to dismiss. The Complaint does not allege that Blake was applying for any other position at the School other than a "teaching vacancy". While M.R. Civ. P. 8(a)(1) only requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Blake was still required to simply describe the position that he was applying for in some "short and plain" detail. Referring to the position as a "teaching vacancy" is vague and cannot be used by Blake as a roundabout method of avoiding judgment.

the job is vague, the Complaint does refer to it as "teaching" job in order to fill a vacancy in the social studies department of Dexter Regional High School. Further, the Complaint describes how Blake was given information concerning the number of students and classes that he would be teaching. A plain reading of the Complaint combined with a plain reading of the statute reveals that Blake was applying for a "teaching" job with the meaning of the statute.

This Court will grant the Defendants' Motion for Judgment on the pleadings as it relates to Blake's breach of contract claim (Count 2).

    *3.    Fraud (Count 1) and Misrepresentation (Count 4)*

Blake has also brought a claim for fraud and misrepresentation. To prevail on a claim for fraud, the plaintiff must prove by clear and convincing evidence:

> (1) that the defendant made a false representation, (2) of a material fact, (3) with knowledge of its falsity or in reckless disregard of whether it is true or false, (4) for the purpose of inducing the plaintiff to act in reliance upon it, and, (5) the plaintiff *justifiably relied* upon the representation as true and acted upon it to the plaintiff's damage.

Rand v. Bath Iron Works Corp., 2003 ME 122, ¶ 9, 832 A.2d 771, 773 (emphasis added)

In order to maintain a claim for negligent misrepresentation the Plaintiff must prove that an individual who:

> in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their *justifiable reliance* upon the information, if

he fails to exercise reasonable care or competence in obtaining or communicating the information.

Perry v. H.O. Perry & Son Co., 1998 ME 131, ¶ 5; 711 A.2d 1303, 1305 (emphasis added).

The issue for this motion comes down to whether Blake, as a matter of law, could have justifiably relied on Principal Bailey's alleged statements that he had the power to hire him and that he was, in fact, "newly hired." MSAD # 46 argues that both of these claims fail under the teacher employment statute because Blake could not have, as a matter of law, *justifiably relied* on Principal Bailey's statements, because Principal Bailey, as a matter of public law, could not have possibly had the power to hire him or otherwise enter into any employment agreements with him.

"On numerous occasions the rule has been stated that a person dealing with officers or agents of a municipality does so at his peril, and that it is his duty to determine whether the parties with whom he is contracting were authorized to make the contract." Sch. Admin. Dist. No. 3 v. Maine Sch. Dist. Comm'n, 185 A.2d 744 747 (Me. 1962). MSAD # 46 and its employees are not normal private employers. Unlike a private employer, MSAD # 46 is an absolute creature of statute. Its powers and responsibilities are entirely contained within statutory law. As a result, MSAD # 46 and its employees cannot take action or delegate any authority not specifically granted to it by the Legislature. These laws includes the teacher hiring statute. This public law included the process by which all hirings must occur. Thus, Blake was put on notice and must be deemed to have been aware of the powers that the Principal and the Superintendent had and did not have.

If Blake were seeking employment from an employer whose powers were not defined in such a public manner, it would have been possible for Blake to justifiably rely on false statements. However, MSAD # 46's, the Principal's and the Superintendent's powers are a matter of public knowledge and are very clear that no hiring can occur without a vote of the school board. For this Court to find that an individual can justifiably rely on statements that are known to the public to be untrue, would be to defy the statute and expose schools to litigation arising out of every allegedly false statements made by school employees. As MSAD # 46's hiring power was clearly and publicly defined, Blake could not have justifiably relied on such legally false statements as a matter of law.

### 4. *Promissory Estoppel*

Blake has also brought a final claim based on promissory estoppel.[2] In order to maintain a claim of promissory estoppel, the Plaintiff must prove that there was:

A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

Daigle Commercial Group, Inc., v. St. Laurent, 1999 ME 107, ¶ 14, 734 A.2d 667, 673 (emphasis added).

Promissory estoppel applies to promises that are "otherwise unenforceable." See Panasonic Communications and Sys. Co. v. State of Maine, 1997 ME 43, ¶ 17, 691 A.2d 190, 196. However, it cannot be applied to avoid statutory requirements such as the statute of frauds

---

[2] *Blake makes arguments related to equitable estoppel in his brief. This Court will only consider arguments related to promissory estoppel as this is what was alleged in the Complaint and the two doctrines are materially different.* Sullivan v. Porter, 2004 ME 134, ¶ 16, 861 A.2d 625, 632 (finding that equitable estoppel is available when the plaintiff partially performs a contract).

requirement that certain contracts be in writing. See Popanz, Peregrine Corp., 1998 ME 95, ¶ 6, 710 A.2d 250, 252.

Here, the teacher hiring statute has been repeatedly interpreted not to enforce agreements not created in compliance with the three-step statutory process. Just as promissory estoppel cannot be used to enforce contracts not in compliance with the statute of frauds, it is also not allowed to be used to enforce contracts not in compliance with the teacher hiring statute. Promissory estoppel is not available in this case and this Court will grant the Motion for Judgment on the Pleadings as to this claim as well.

## CONCLUSION

The Court will grant the Defendants' Motion for Judgment on the Pleadings as to all counts and Defendants. The Defendants' Motion to Dismiss the Amended Complaint is, therefore, moot.

Accordingly, the entry is:

Defendants', Maine School Administrative District No. 46, Lester W. Butler and Bruce A. Bailey, Motion for Judgment on the Pleadings is **GRANTED** as to all Counts and Judgment is hereby granted in favor of the Defendants. Defendants' Motion to Dismiss the Amended Complaint is **DENIED** as moot.

The Clerk may incorporate this Decision and Order into the docket by reference.

DATED: March 17, 2005

Justice, Maine Superior Court
Andrew M. Mead

9

MICHAEL S BLAKE VS MAINE SCHOOL ADMINISTRATIVE DISTRICT 46 ET AL
UTN:AOCSsr  -2004-0070235
                                      CASE #:BANSC-CV-2004-00140
-----------------------------------------------------------------------
MICHAEL  S. BLAKE                                         PL
ATTY DUFOUR, JAMES  Tel# (207) 942-5558
ATTY ADDR:700 MOUNT HOPE AVENUE 440 EVERGREEN WOODS BANGOR ME 04401

MAINE SCHOOL ADMINISTRATIVE DISTRICT 46                   DEF
ATTY SMITH, BRUCE  Tel# (207) 772-1941
ATTY ADDR:245 COMMERCIAL ST. PO BOX 9781 PORTLAND ME 04104-5081

LESTER  W. BUTLER      *q Dept. Bruce Bailey*             DEF
ATTY SMITH, BRUCE  Tel# (207) 772-1941
ATTY ADDR:245 COMMERCIAL ST. PO BOX 9781 PORTLAND ME 04104-5081


M=More, Space = Exit:M

Select the EXIT KEY for page selection line.