1998 ME 131

Clinton PERRY, et al.

v.

H.O. PERRY & SON CO.

Supreme Judicial Court of Maine.

Submitted on Briefs May 15, 1998.
Decided June 2, 1998.

Christopher M. Leger, Peter S. Kelley, Kelley Law Offices, Caribou, for plaintiffs.

John S. Lucy, Wendell G. Large, Richardson, Whitman, Large & Badger, P.C., Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and SAUFLEY, JJ.

RUDMAN, Justice.

[¶ 1] Clinton Perry, Angela Perry, and Andrew N. Grant appeal from the summary judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) in favor of H.O. Perry & Son Co. (H.O. Perry) on their complaint seeking damages for alleged negligent misrepresentations by H.O. Perry.[1] Grant claims that he suffered a pecuniary loss as a result of his reliance on the advice given to him by his insurance agent, H.O.

Perry, advice he claims adversely impacted his liability insurance coverage for an accident involving the Perrys for which he is liable. We disagree and affirm the judgment.

[¶ 2] This case arises from the same set of facts that this Court considered in *Maine Mutual Fire Insurance v. Grant*, 674 A.2d 503 (Me.1996)[2]:

> Andrew Grant's parents were named insureds and Andrew was listed as an additional "operator" in an umbrella liability policy issued to the Grants by H.O. Perry & Son Company (H.O.Perry) acting as an agent for Maine Mutual. When, in July 1992, Andrew Grant purchased a 1991 Ford Bronco, he contacted H.O. Perry seeking automobile liability insurance under his father's insurance policy. H.O. Perry's representative told Andrew that to insure the Bronco under his father's policy Andrew should register the Bronco jointly in both his name and his father's name. Andrew complied with this advice, and the Bronco was added to an automobile liability policy issued by Commercial Union Insurance Company to Norman Grant.
>
> In November 1992, Andrew, while driving his Ford Bronco, was involved in an automobile accident in which the Perrys were injured.

*Id.* at 503–05.

[¶ 3] Andrew Grant was convicted on a plea of nolo contendere to the charge of operating under the influence of intoxicants as a result of this accident. Commercial Union accepted coverage pursuant to Andrew's automobile liability policy; Maine Mutual denied coverage under Andrew's parents' umbrella policy because Andrew's vehicle was not owned by a named insured and was not being driven by a named insured at the time of the accident. Maine Mutual's coverage position was confirmed when the Superior Court entered a declaratory judg-

---

1. The Perrys are parties-in-interest. Andrew Grant assigned to them the right, *inter alia*, to pursue this action against H.O. Perry in exchange for their promise not to proceed against Andrew personally. For the purpose of this opinion, we assume the validity of the assignment.

2. The evidentiary record before the Superior Court in the instant case was identical to the record before this Court in *Maine Mutual Fire Insurance v. Grant*, hereinafter referred to as *Maine Mutual v. Grant*.

ment in favor of Maine Mutual against Andrew Grant and the Perrys, establishing that Andrew Grant was not an insured under his father's umbrella policy, which judgment we affirmed. *Id.*

[¶ 4] Andrew and the Perrys then brought the present action for negligent misrepresentation against H.O. Perry. A summary judgment was granted in favor of H.O. Perry. This appeal followed. Both parties agree that Andrew, when he sought to be added as an insured under his father's automobile liability policy, did not ask H.O. Perry's representative about obtaining personal liability umbrella coverage for himself, nor was such coverage mentioned to Grant by H.O. Perry.

[¶ 5] In *Chapman v. Rideout,* 568 A.2d 829 (Me.1990), we adopted section 552 of the Restatement (Second) of Torts as the appropriate standard for negligent misrepresentation claims. Section 552 provides:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts § 552(1) (1977). For a party to be liable for its negligent misrepresentation, another party must have, *inter alia,* relied upon the false representation to its pecuniary detriment.

[¶ 6] A dispositive issue in this case is whether Andrew Grant is collaterally estopped from relitigating the issue of whether he detrimentally relied on statements made by H.O. Perry concerning insurance coverage. Collateral estoppel prevents the relitigation of factual issues already decided if "the identical issue was determined by a prior final judgment, and ... the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding." *Van Houten v. Harco Constr., Inc.,* 655 A.2d 331, 333 (Me.1995) (citation and quotation omitted). The alleged misrepresentation forming the basis of Grant's claim in *Maine*

*Mutual v. Grant* was H.O. Perry's alleged instruction to Andrew to register jointly his Bronco in order to secure umbrella and auto liability insurance. One element to Andrew's claim in *Maine Mutual v. Grant* was "justifiable and detrimental reliance by [Andrew] on [H.O. Perry's] conduct" *Id.* at 504. The trial court concluded in *Maine Mutual v. Grant,* however, and we affirmed, that "[t]he record is devoid of any evidence that Andrew Grant took any action or failed to take any action in reliance on anything done or said by employees of H.O. Perry acting as agents for Maine Mutual." *Id.* at 505. Because Andrew had both the opportunity and incentive in *Maine Mutual v. Grant* to litigate the issue of whether he detrimentally relied on statements made by H.O. Perry when he sought insurance coverage, Andrew is now collaterally estopped from relitigating this factual issue in the present case.

[¶ 7] Andrew, attempting to avoid collateral estoppel on the issue of whether he took any action in reliance on representations made to him by H.O. Perry *acting as an agent for Maine Mutual,* now argues that he relied to his detriment on alleged misrepresentations made to him by H.O. Perry *acting as an agent for Commercial Union.* Agency is the fiduciary relationship "which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *Desfosses v. Notis,* 333 A.2d 83, 86 (Me.1975). Andrew Grant's contention that H.O. Perry was acting as an agent for Commercial Union, as opposed to Maine Mutual, when it discussed insurance coverage with him draws a distinction without consequence. Whether H.O. Perry was acting as an agent for Maine Mutual or for Commercial Union is not relevant to the factual issue of whether Andrew detrimentally relied upon representations made to him by H.O. Perry.

[¶ 8] Andrew and the Perrys are bound by the factual determination made in *Maine Mutual v. Grant* that Grant did not detrimentally rely on statements made by H.O. Perry. Because a showing of detrimental reliance is essential to an action for negligent

misrepresentation, a summary judgment was properly entered in H.O. Perry's favor. *See Jacques v. Pioneer Plastics, Inc.*, 676 A.2d 504, 506 (Me.1996) ("A summary judgment is proper when the party that bears the burden of proof of an essential element at trial has presented evidence that, if it presented no more, would entitle the opposing party to a judgment as a matter of law.").

The entry is:

Judgment affirmed.

