STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
                                                        DOCKET NO. CV-00-737

LAWRENCE CHARLES BUTLER, Jun 13   3 57 PM '01   REC'd  - 6/15/2001

                Plaintiff

        v.                                              ORDER ON DEFENDANT'S
                                                        MOTION TO DISMISS

DANIEL MOOERS, ESQ.,

                Defendant


                            FACTUAL BACKGROUND

        Defendant Daniel Mooers performed legal work for Plaintiff Lawrence Butler,

giving him direction and advice regarding how to transfer his funds in order to

evade creditor banks.  Mr. Butler heeded this advice and did as the Defendant

directed.  At some point in 1992, Mooers gave accountant Richard Dawson a detailed

account of the movement of that money.  Mooers told the accountant to take down

the detailed information verbatim on a notepad during a meeting in which Mr.

Butler sat silent.

        When Mr. Butler's indictment for bank fraud appeared in the newspaper

approximately two years later, Mr. Dawson reminded the Defendant of the 1992

meeting discussing the movement of money.  Attorney Mooers then went to Mr.

Dawson's office, asked for Dawson's handwritten notes and left.  The notes have

never been seen again.

        The Plaintiff's complaint seeks damages for spoliation of evidence, alleging

that but for the destruction of evidence, Mr. Butler would not have been found

guilty of the crimes to which he pled guilty.  This is because Dawson's handwritten

notes would have exculpated Butler and inculpated Mooers by proving that Mooers was the mastermind behind the bank fraud. The Defendant now seeks a dismissal of the complaint pursuant to M.R. Civ. P. 12(b)(6). For the following reasons, the Defendant's motion is granted.

## DISCUSSION

The Law Court has never recognized a cause of action for spoliation of evidence. In other jurisdictions, a plaintiff states a claim for spoliation of evidence if he alleges "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts. . . . " Smith v. Howard Johnson Co., Inc., 615 N.E.2d 1037, 1038 (Ohio 1993). Even if the Law Court were to recognize spoliation of evidence as an independent tort, however, the Plaintiff is estopped from alleging that any damages were caused by the alleged destruction of evidence.

The doctrine of *res judicata* is "a court-made collection of rules designed to ensure that the same matter will not be litigated more than once." Camps Newfound/Owatonna Corp. v. Town of Harrison, 1998 ME 20, ¶ 11, 705 A.2d 1109, 1113 (quoting Machias Sav. Bank v. Ramsdell, 1997 ME 20, ¶ 11, 689 A.2d 595, 599). There are two types of *res judicata*: issue preclusion and claim preclusion. In re Kaleb D., 2001 ME 55, ¶ 7, 769 A.2d 179, 183. Issue preclusion, the applicable branch of *res judicata*, "prevents the relitigation of factual issues already decided if 'the

2

identical issue was determined by a prior final judgment, and . . . the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding.' " Cline v. Maine Coast Nordic, 1999 ME 72, ¶ 9, 728 A.2d 686, 688 (quoting Perry v. H.O. Perry & Son, Co., 1998 ME 131, ¶ 6, 711 A.2d 1303, 1305).

In 1998, Butler filed a legal malpractice action against Mooers, asserting that Mooers' negligence in advising him regarding the transfer of his funds to offshore investments resulted in Butler's conviction of two counts of bank fraud and two counts of illegal structuring of currency transactions. Butler v. Mooers, 2001 ME 56, ¶¶ 4, 6, __ A.2d __. Upon the Superior Court's denial of Mooers' motion for summary judgment, the issue of whether Butler was collaterally estopped from bringing that action because of Butler's guilty pleas was reported to the Law Court pursuant to M.R. Civ. P. 72(c). Id. ¶¶ 1, 7.

The Law Court vacated the denial of summary judgment, holding that Butler's plea of guilty and his acknowledgement that he "knowingly and willfully" defrauded the banks precluded a finding that his criminal conduct was proximately caused by Mooers' allegedly negligent legal advice. Id. ¶ 9. That determination by the Law Court estops Butler from asserting that the alleged destruction of Dawson's notes was the proximate cause of his convictions, a necessary element to his spoliation of evidence claim.

The entry is

Defendant's Motion to Dismiss is GRANTED.

3

Dated at Portland, Maine this 15th day of June, 2001.

Robert E. Crowley
Justice, Superior Court

Date Filed __12-08-2000__ __CUMBERLAND__ Docket No. __CV -00-737__
County

Action __DAMAGES__

LAWRENCE CHALRES BUTLER          DANIEL MOOERS, ESQ.

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
|  | 784-3576 |
| MICHAEL WAXMAN | TYLER KOLLE, ESQ. |
| P.O.BOX 375 | 129 Lisbon St., PO Box 961 |
| PORTLAND, MAINE 04112 | Lewiston Me 04243-0961 |
| 772-9558 |  |

Date of
Entry

2000