STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-07

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

COLIN MACDONNELL,
        Appellant,

v.

MAINE MEDICAL CENTER,
        Defendant.

ORDER ON DISTRICT COURT APPEAL

DONALD L. GARBRECHT
LAW LIBRARY

AUG 11 2003

## FACTUAL BACKGROUND

This is an appeal from a District Court decision in a small claims matter. Appellant Colin MacDonnell (MacDonnell) met with a Nursing Recruiter (Candace Porter) at Maine Medical Center (MMC), following his application for employment. MacDonnell asked whether MMC offered relocation assistance (despite the fact that he had relocated Maine four months earlier to work for another hospital) or "sign-on bonuses." Appellant was immediately told that no-one was getting sign on bonuses and was later told that he was ineligible for relocation assistance because he was already living in the area.

After learning that he was ineligible for relocation assistance, Appellant applied to Portsmouth Regional Hospital. Because Portsmouth Regional failed to timely call him back after he made a request for a higher shift differential, he decided to accept employment at MMC. The Nursing Recruiter told him that health insurance benefits were available for a co-pay of $31/week. There were no representations made regarding the continuation of that co-pay amount. Six days after MacDonnell received a letter confirming his acceptance of employment, he received a notice stating that his health insurance benefit co-pay would increase to $55/week.

During Appellant's orientation he learned that some nurses had received an incentive to accept employment with MMC, but that benefit was limited to nurses who had recently

graduated from nursing school. MacDonnell conceded at trial and on appeal that this was an appropriate incentive and that he was not a member of that class. Appellant brought this alleged inconsistent treatment of new hires to the attention of MMC to no avail. He continues to work at MMC, although he concedes that his employment relationship does not require him to stay.

The District Court found that Appellant demonstrated no legal basis for his claim: there was no inducement by fraudulent means; MMC did not promise that the cost of benefits would not increase, MMC said there were no sign-on bonuses; Appellant was not in the class to receive bonuses that were paid; and, in sum, there was no legal basis for his claim.

## DISCUSSION

An appeal from District Court to the Superior Court pursuant to M.R.Civ.P. 76D "shall be on questions of law only" and "on the record on appeal." M.R.Civ.P. 76D. Findings of fact by the District Court shall be accepted unless clearly erroneous. Id.[1]

Appellant contends that the court erred in determining that there was no legal basis for his claim of fraudulent misrepresentation because the statement by the Nursing Recruiter was false and material and that he relied on the statement to his detriment.[2]

A claim of fraudulent misrepresentation requires a showing that the Defendant: "(1) made a false representation; (2) of a material fact; (3) with knowledge of its falsity or in reckless disregard of its truth or falsity; (4) for the purpose of inducing the plaintiff to act or to refrain from acting in reliance upon the representation; and (5) the plaintiffs justifiably relied upon the representation as true and acted upon it to their detriment." Curtis v. Allstate

---

[1] Counsel for MMC states that because no findings of fact were made or requested, the court "must assume that the trial court found for the prevailing party on all factual issues necessarily involved in the decision." Appellee's Br. At 4 (quoting Glidden v. Belden, 684 A.2d 1306, 1316 (Me. 1996)). However, the last two pages of the transcript contain the trial judge's findings and conclusions as to the evidence presented.

[2] At the hearing, Appellant all but abandoned his contention that the representation regarding the cost of benefits rises to the level of fraudulent or negligent misrepresentation. See also Appellant's Reply Br. at 3 (referring to the health benefits as a moot point). Regardless, the trial court found that no one promised that benefits would stay the same and that Appellant admitted he did not expect them to remain unchanged

2

Insur. Co., 2002 ME 9, ¶ 36, 787 A.2d 760.[3] A plaintiff "must produce evidence that demonstrates that the existence of each element of fraud is 'highly probable' rather than merely likely." Barnes v. Zappia, 658 A.2d 1086, 1089 (Me. 1995)

Based on the facts on the record before the court, the Appellant failed to demonstrate that the statement, "there are no sign-on bonuses," was material, albeit false. Kenny v. Dep't of Human Services, 1999 ME 158, ¶ 3, 740 A.2d 560 (stating that a material fact is one having the potential to affect the outcome of the suit). If the Nursing Recruiter had completely explained the nature of the incentives offered to recent graduates, Appellant would have had the same options available to him: accept employment with MMC or seek employment elsewhere. Similarly, Appellant failed to demonstrate justifiable reliance to his detriment. Notwithstanding Appellant's claims on appeal to have "lost bargaining power," the record below is devoid of any evidence of detrimental reliance. At the time MacDonnell accepted the position with MMC, he had no other offers and testified that he needed to return to work.

The entry is

The judgment of the District Court is AFFIRMED.

Dated at Portland, Maine this 29th day of July, 2003.

Robert E. Crowley
Justice, Superior Court

---

indefinitely. Therefore, if Appellant has not abandoned this line of argument, he has failed to demonstrate any evidence on the record that a false statement was made regarding benefits.

[3] The Law Court has adopted the RESTATEMENT's standard for negligent misrepresentation:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Perry v. H.O. Perry & Son Co., 1998 ME 131, ¶ 5, 711 A.2d 1303 (quoting RESTATEMENT (SECOND) OF TORTS § 552(1) (1977). "For a party to be liable for its negligent misrepresentation, another party must have, inter alia, relied upon the false representation to its pecuniary detriment." Id. As with the fraudulent misrepresentation claim, Appellant failed to demonstrate any pecuniary loss resulting from the Nursing Recruiter's "misrepresentation."

Date Filed 02-03-03    Cumberland
                       County

Docket No. AP-03-07

Action Appeal from Lower Court

COLIN MACDONNELL
3 GEORGETOWN COURT
YARMOUTH, ME   04096

MAINE MEDICAL CENTER
C/O JOHN E. HEYE
22 BRAMHALL STREET
PORTLAND, ME   04112-8555

vs.

Plaintiff's Attorney
         Colin MacDonnell (new address)
         5 Craig Drive        03-31-03
SEE ABOVE  Gorham, Maine 04038

Defendant's Attorney

JAMES B. HADDOW, ESQ.
P.O. BOX 17555
50 MONUMENT SQUARE
PORTLAND, ME   04112-8555

Date of
Entry

2003