STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. CV-10-140

EDWARD H. KING,
    Plaintiff,

  v.

**ORDER**

JON HADDOW, ESQ.,
    Defendant.

This matter is currently before the Court on Plaintiff's Motion for Leave to Amend his Complaint.

The chronology of this case is as follows:

- On September 2, 2010, Plaintiff filed a one-count complaint alleging that Defendant, in his capacity as a lawyer, negligently misrepresented certain facts and that as a result Plaintiff suffered pecuniary loss.
- On October 20, 2010, a standard scheduling order issued. Such order, among other provisions, allowed the parties 4 months to amend the pleadings, required the plaintiff to designate expert witnesses within 3 months and the defendant to designate expert witnesses within 5 months, and set a discovery deadline of 8 months from the date of the order.
- On April 4, 2011, Defendant filed a Motion for Summary Judgment. Plaintiff responded on May 16, 2011, and Defendant filed his Reply Memorandum on June 3, 2011. A hearing was held on the Motion for Summary Judgment on August 11, 2011.
- Defendant's Motion for Summary Judgment discussed both the theory alleged in the Complaint (negligent misrepresentation) and the theory now alleged in the proposed Amended Complaint (legal malpractice). In his opposition to the Motion for Summary Judgment, Plaintiff specifically argued that he was not a "client" of the Defendant and he was not making a claim for legal malpractice.
- The parties filed a joint motion to defer participation in ADR until after the Court's ruling on the Motion for Summary Judgment, and such motion was granted.
- After the August 11, 2011 motion hearing, the Court spoke with the attorneys and indicated that it would be making a decision on the motion for summary judgment on August 29, 2011.
- On August 26, 2011, Plaintiff filed a Motion for Leave to Amend his Complaint. The proposed Amended Complaint alleges a cause of action for legal

1

malpractice. Defendant filed his objection on September 12, 2011. Plaintiff filed a Reply Memorandum on September 16, 2011.

The Complaint and the proposed Amended Complaint relate to the same alleged conduct by the Defendant, specifically that the Defendant advised that a creditor's interest in a bankrupt estate would be protected so long as the transfer of the interest in the debtor's property was made more than 90 days before the filing of the debtor's bankruptcy petition and that he failed to advise that such 90 day period did not apply to "insiders". See 11 U.S.C. § 547(b). In the original complaint, Plaintiff is pursing a negligent misrepresentation theory based on this alleged conduct, and in the proposed Amended Complaint, the Plaintiff wishes to pursue a legal malpractice theory based on this same alleged conduct.

Rule 15(a) of the Maine Rules of Civil Procedure provides:
> [A] party may amend the party's pleadings only by leave of court ...; and leave shall be freely given when justice so requires.

It is clear that Courts are liberal in granting leave to amend. See *Maine Civil Practice*, §§ 15.1, 15.4. "The purpose of Rule 15 is to facilitate the disposition of litigation on the merits and to subordinate the importance of pleadings. The philosophy of the rules is that pleadings are not an end in themselves but only a means of bringing into focus the area of actual controversy. Leave to amend should be freely granted when justice so requires." *Id.*

In seeking to amend his complaint in this action, Plaintiff stated that he first became "alerted to" the potential legal malpractice claim the Plaintiff possessed against the Defendant" when, "after oral argument on Defendant's Motion for Summary Judgment ... [he] came upon the *Keatinge* case." However, in his May 16, 2011 Opposition to the Defendant's Motion for Summary Judgment, plaintiff specifically cited the *Keatinge* case, and stated that Defendant's reliance on *Keatinge* was erroneous because Plaintiff was not asserting that he had an attorney-client relationship with the Defendant.

In fact, in his Opposition to the Defendant's Motion for Summary Judgment, Plaintiff repeatedly recited that he was not claiming to have been a "client" of the Defendant:
- "[The *Sheinkopf v. Stone* case] is inapplicable because, there, the plaintiff claimed that he had been the defendant's client, a claim which King is not making in this case", see *Plaintiff's Memorandum in Opposition at pg 2;*
- "In this case, King claims that the Defendant, although not King's lawyer, is liable to him for negligent misrepresentation", see *Plaintiff's Memorandum in Opposition at pg 2;*
- "In this case, it was the 'apparent' and explicitly stated intent of the Pawlendzios, who were the Defendant's clients, to benefit King", see *Plaintiff's Memorandum in Opposition at pp 2-3;*
- "The Defendant's argument that the Plaintiff's Complaint fails under *Nevin v. Union Trust Co.*, 1999 ME 47... is, similarly, irrelevant", see *Plaintiff's Memorandum in Opposition at pp 4-5.* The Plaintiff continued by distinguishing *Nevin* from this case by noting that in *Nevin* the individual

2

beneficiaries of an estate were claiming to be the "clients" of the attorney who prepared the estate documents; and

- "Similarly, the Defendant's reliance upon *Estate of Keatinge v. Biddle*, 2002 ME 21, … is erroneous. There, too, the court addressed a very specific issue: whether 'the mere fact that the person holding the power of attorney retains counsel' creates 'an attorney-client' relationship between the attorney and the grantor." See *Plaintiff's Memorandum in Opposition at pp 5*. Plaintiff argued that Defendant's reliance on *Keatinge* was erroneous because Plaintiff was not claiming to be a client of Defendant Haddow.

Nothing could be more clear than that when responding to Defendant's Motion for Summary Judgment, Plaintiff King affirmatively asserted that he was not Defendant's client. Additionally, the exact proposition on which Plaintiff now hopes to rely to pursue his legal malpractice theory (that he, through his power of attorney, established an attorney-client relationship with Defendant Haddow) was quoted for the opposite proposition in Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment.

This case was almost one year old when Plaintiff sought to amend his Complaint. Plaintiff's Motion to Amend his Complaint was filed 6 months beyond the time he was given under the Scheduling Order to amend the pleadings. Additionally, 3 months passed between the time the Plaintiff cited the *Keatinge* case in his Opposition to the Defendant's Motion for Summary Judgment to when he came to rely on that same case to provide a basis to assert a legal malpractice claim. Ruling on Defendant's Motion for Summary Judgment was imminent when the Motion to Amend was filed. Additional discovery would undoubtedly be required if the new legal theory set forth in the proposed Amended Complaint were allowed[1].

Under the circumstances of this case, there has been undue delay in moving to amend the complaint, and justice does not require that Plaintiff's pleadings be amended to allow Plaintiff to assert that he was in fact a "client" of the Defendant, when 3+ months earlier he specifically and unequivocally disavowed that he was a "client" of the Defendant when he responded to Defendant's Motion for Summary Judgment. Plaintiff's Motion for Leave to Amend his Complaint is denied.[2]

The Clerk shall enter this Order upon the docket by reference.

Dated: December 1, 2011

Ann M. Murray, Justice
Maine Superior Court

---

[1] Parties disregard the provisions of the Scheduling Order at their own peril.

[2] At this time, the original complaint remains pending, and case law is clear that the Motion to Amend should be addressed before any deciding the pending Motion for Summary Judgment.

3

STATE OF MAINE
PENOBSCOT, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-10-140
2 AMM - PEN 2/9 201

EDWARD H. KING
    Plaintiff,

v.

JON A. HADDOW

    Defendant.

**DECISION AND ORDER
ON DEFENDANT'S
MOTION FOR
SUMMARY JUDGMENT**

On September, 10. 2010, Plaintiff filed a Complaint against Defendant alleging

negligent misrepresentation. On April 4, 2011 Defendant filed a Motion for Summary

Judgment. Plaintiff filed an Opposition to the Motion on May 13, 2011. Defendant filed

a Reply Memorandum on June 3, 2011. Oral argument was heard on August 11, 2011.

FACTUAL BACKGROUND

Oak Ridge Builders, Inc. (ORB) was a home construction contractor that

purchased land, subdivided it, sold lots and built and sold homes on the lots. D's Supp.

S.M.F. 3. Defendant Haddow represented Oak Ridge Builders, Inc. (ORB) and Frank

Pawlendzio in various matters in the mid-2000s. D's Supp. S.M.F. 1 and 14. Frank

Pawlendzio "owned" OCB. See D's Supp. S.M.F. 3. ORB filed for bankruptcy in the fall

of 2007. D's Supp. S.M.F. 8.

Thereafter, Mr. Pawlendzio worked on a project and referred to the project as the

"spec house". See S.M.F. 9 and 10. In late April or early May of 2008, Mr. Pawlendzio

told Defendant Haddow that he had a number of creditors for the "spec house" and that

he (Pawlendzio) wanted to grant mortgages against the "spec house" property to these

1

creditors. See S.M.F. 11, 12, 13. In May, 2008 Mr. Pawlendzio provided Defendant Haddow with a list of creditors in connection with the mortgage request, and Plaintiff Edward King was one of those creditors. See S.M.F. 17. Plaintiff King is the father of Beverly Pawlendzio, and father-in-law of Frank Pawlendzio. D's response to Beverly Pawlendzio acts for her father under a Power of Attorney.

Defendant Haddow drafted a blanket mortgage that included the names of all the creditors on the list that Mr. Pawlendzio had provided, and the mortgage was drafted in a manner that was generally favorable to Mr. Pawlendzio. See S.M.F. 19. Mr. King was one of several creditors to whom the mortgage was granted. See S.M.F. 17.

The Pawlendzios filed for bankruptcy in December of 2008. See S.M.F. 23. Mr. King made a claim, and. the Trustee in Bankruptcy denied Mr. King's claim after determining that the mortgage security interest was avoidable as preferential transfers of an interest in the bankruptcy estate. Def's Supp. S.M.F. 29.[1]

## STANDARD OF REVIEW

"Summary judgment is appropriate when review of the parties' statements of material facts and the referenced record evidence indicates no genuine issue of material fact that is in dispute, and, accordingly, the moving party is entitled to judgment as a matter of law." *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821, 825. A genuine issue of material fact exists when there is sufficient evidence to require the fact-finder to choose between competing versions of a fact that could affect the outcome of the case. *Id.*; *Inkel v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745, 747. The court will

---

[1] A trustee may "avoid a transfer of an interest of the debtor in property ... (4) made (A) on or within 90 days before the date of the filing petition; or (B) between 90 days and one year before the date of the filing petition, if such creditor is an insider." 11 U.S.C. § 547(b). An "insider" includes a relative of the debtor. 11 U.S.C. §101(31) and 101(45).

2

review the evidence in the light most favorable to the non-moving party. *Cookson v. Brewer School Dep't*, 2009 ME 57, ¶ 12, 974 A.2d 276, 281.

Summary judgment is appropriate unless there is sufficient evidence in favor of the non-moving party to support a jury verdict in favor of the non-moving party. *Biette v. Scott Dugas Trucking and Excavating Inc., 676 A. 2d 490, 494 (Me. 1996).* Summary judgment for a defendant is proper when the plaintiff bears the burden of proof on an essential issue and it is clear that a defendant would be entitled to a directed verdict at trial if plaintiff presented the evidence before the court at the summary judgment stage. *Bouchard v. American Orthodontics*, 661 A. 2d 1143, 1145 (Me. 1995). The function of summary judgment is to permit the Court to determine whether a triable issue of fact exists, and there is no issue for trial unless there is sufficient evidence favoring the non-moving party to support a verdict in favor of that party. *Id. See also Champagne v. Mid-Maine Medical Center*, 1998 ME 87 ¶9 (to avoid judgment for defendant as a matter of law, plaintiff must establish a prima facie case for each element of his cause of action) (judgment for defendant as a matter of law is proper when a verdict for the plaintiff would be based on conjecture or speculation).

## ANALYSIS

The Complaint in this case contains one count and alleges a claim for "negligent misrepresentation". *See* Complaint ¶ 32. The *Restatement (Second) of Torts*, recognizes a cause of action for negligent misrepresentation, and the Law Court has adopted the *Restatement's* definition of the claim. See *Perry v. H.O. Perry & Son Co.*, 1998 ME 131. The *Restatement* §552 provides as follows:

> (1)　　One who, in the course of his business, profession or employment, or in any other transaction in which he has a

3

(2) pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information. ... the liability stated in Subsection (1) is limited to loss suffered

> (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
> (b) through reliance upon it in a transaction that he intends the information to influence knows that the recipient so intends or in a substantially similar transaction.

(emphasis added).

The Law Court has not restricted the use of a negligent misrepresentation cause of action from being a basis for liability on professionals, and this Court does not find any policy reason that such cause of action should not apply to attorneys in circumstances such a this. See also *Homeowner's Assistance Corp. v Merrimack Mortgage Co. Inc., et. al,* 2000 ME Super. LEXIS 13.

In this case, there are significant disputed materials facts, including:

1. Plaintiff asserts that when the Pawlendzios's spoke with the Defendant about filing for bankruptcy, the Pawlendzios were primarily concerned that the Plaintiff be protected. See P's Opp. S.M.F. 20, and D's denial;

2. Plaintiff asserts that Defendant knew that the Plaintiff was of particular concern to the Pawlendzios and that the Pawlendzios would file for bankruptcy only if Plaintiff would recoup his investment. See P's Opp. S.M.F. 22, and D's denial;

3. Plaintiff asserts that Defendant advised Frank Pawlendzio that by filing mortgage deeds and waiting at least ninety (90) days before filing for bankruptcy, everyone's financial interests would be protected, including the Plaintiff's. See P's Opp. S.M.F. 23, and D's denial;

4

4. Plaintiff asserts that Defendant understood that his (Defendant's) advice would be for the benefit of the Plaintiff. See P's Opp. S.M.F. 24, and D's denial;

5. Plaintiff asserts that Frank Pawlendzio clearly informed Defendant that one of his biggest concerns was protecting the Plaintiff's investment. See P's Opp. S.M.F. 24, and D's denial;

6. Plaintiff asserts that Defendant never indicated that the Pawlendzios and the Plaintiff's interests were in conflict, or that his (Defendant's) advice was intended to benefit only the Pawlendzios and could not be used to benefit the Plaintiff. See P's Opp. S.M.F. 26, and D's denial;

For purposes of this Motion for Summary Judgment, the Court resolves all of these factual disputes in favor of the Plaintiff. And, for purposes of this Motion, assumes that when Defendant Haddow gave advice to Mr. Pawlendzio about filing for personal bankruptcy that he (Haddow) knew: 1) that the Pawlendzios were primarily concerned that the Plaintiff be protected; 2) that the Plaintiff was of particular concern to the Pawlendzios and that the Pawlendzios would file for bankruptcy only if Plaintiff would recoup his investment; 3) advised Frank Pawlendzio that by filing mortgage deeds and waiting at least ninety (90) days before filing for bankruptcy, everyone's financial interests would be protected, including the Plaintiff's; 4) that his (Defendant's) advice would be for the benefit of the Plaintiff; 5) that one of Pawlendzio's biggest concerns was protecting the Plaintiff's investment; and that 6) Defendant never indicated that the Pawlendzios and the Plaintiff's interests were in conflict, or that his (Defendant's) advice was intended to benefit only the Pawlendzios and could not be used to benefit the Plaintiff.

5

There remains, however, one necessary element of the claim for negligent misrepresentation, and that is, loss to Plaintiff through Plaintiff's reliance on Defendant's representations. The alleged negligent misrepresentation is advice by Haddow that Pawlendzios' creditors, including the Plaintiff, would be protected so long as the Pawlendzios waited 90 days after granting the mortgages to file for personal bankruptcy. In this case, Plaintiff has not alleged that **he** (or anyone on his behalf) did anything in reliance on Defendant's advice. The Pawlendzios may have relied on this advice in deciding when to file for bankruptcy, but Plaintiff did not rely on this advice before lending money to the Pawlendzios.

In the Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, Plaintiff wrote as follows:

> The Defendant's argument that he 'did not supply any information for the guidance of Mr. King in his business transaction' is not credible in view of the facts that Frank, before borrowing Plaintiff's money, asked the Defendant if the loan would be protected in bankruptcy, and that the Defendant knew that Beverly was the Plaintiff's attorney-in-fact". *Plaintiff's Memo at pp 10-11* (emphasis added).

This argument in Plaintiff's Opposition precisely frames the crux of the issue in this case. However, Plaintiff failed to support this argument with any record citation. Nowhere in either Affidavit filed by the Plaintiff to support his Opposition to Defendant's Motion for Summary Judgment is there any factual statement that before Plaintiff loaned any money to the Pawlendzios that Haddow told anyone that Plaintiff's loan would be protected in bankruptcy. The closest allegations to support the Plaintiff's bald argument are the following: 1) "Frank 'cleared' [plaintiff's] investment in the spec house with Haddow before accepting his money", see Beverly Pawlendzio's Affidavit ¶ 8; 2) "[Haddow] advised me it would be fine to seek and use private financing to develop and build the spec house", see Frank Pawlendzio's Affidavit ¶ 8; and 3) "In accord with this go-ahead,

6

over the course of a year, I borrowed $57,779 from Ed", see Frank Pawlendzio's Affidavit ¶ 10. However, none of these assertions specify what advice Defendant Haddow provided before Plaintiff King loaned money, and most significantly, none of the assertions mention reliance by the Plaintiff King on particular advice (misrepresentations) given by Haddow before Plaintiff King loaned money to the Pawlendzios.[2] These ambiguous and conclusory statements in the Affidavits are insufficient to support an essential element of Plaintiff's case.[3] In fact, the most specific statement in the record confirms that the Pawlendzios borrowed money from Plaintiff King before they received the bankruptcy advice. *See Beverly Pawlendzio Affidavit §8* ("When Frank and I spoke with Haddow about bankruptcy, we were both primarily concerned that my father be protected and **repaid** under the mortgage we were giving him.")

Additionally, at the hearing on the Motion for Summary Judgment, Plaintiff's counsel was specifically asked about factual support for the reliance element, and counsel did not point the Court to any particular portion of the record. *See Tape 5808, index 5355 to 6398.*

As noted above, summary judgment for a defendant is proper when the plaintiff bears the burden of proof on an essential issue and it is clear that a defendant would be entitled to a directed verdict at trial if plaintiff presented the evidence before the court at the summary judgment stage. At trial, Plaintiff would bear the burden to prove, among

---

[2] Plaintiff King did not file an Affidavit.

[3] While the Court need not reach this point, when the referenced statements in the Affidavits are taken together with other statements in the Affidavits, it appears that the Pawlendzios were initially concerned about whether they could borrow money to build the spec house in their individual capacities after their construction company had filed bankruptcy, and that only a year or so later when they were preparing to file for bankruptcy as individuals, after they had borrowed money from Mr. King, did they then attempt to protect the money that Mr. King had loaned to them.

7

other things, that he suffered a loss based upon his reliance on information provided by the Defendant. Since the record is devoid of any factual support that Plaintiff relied on representations by the Defendant before loaning money to the Pawlendzios, Plaintiff's opposition to Defendant's Motion for Summary Judgment fails.

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted.

The entry is:

1. Defendant's Motion for Summary Judgment, filed on April 4, 2011, is **GRANTED.**
2. This order is incorporated into the docket pursuant to M.R. Civ. P. 79(a).

Date: December 2, 2011

Ann M. Murray
Justice, Superior Court

8

EDWARD H KING  - PLAINTIFF
P O BOX 3566
BREWER ME 04412
Attorney for: EDWARD H KING
JED DAVIS  - RETAINED
MITCHELL & DAVIS
86 WINTHROP STREET
AUGUSTA ME 04330

Attorney for: EDWARD H KING
MEGAN C HANLEY  - RETAINED
MITCHELL & DAVIS
86 WINTHROP STREET
AUGUSTA ME 04330

**DOCKET RECORD**

vs
JON A HADDOW  - DEFENDANT
P O BOX 738, 61 MAIN ST
BANGOR ME 04401
Attorney for: JON A HADDOW
JAMES M BOWIE  - RETAINED
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630

Filing Document: COMPLAINT                    Minor Case Type: OTHER NEGLIGENCE
Filing Date: 09/02/2010

## Docket Events:
09/08/2010 FILING DOCUMENT - COMPLAINT FILED ON 09/02/2010

09/08/2010 Party(s):  EDWARD H KING
           ATTORNEY - RETAINED ENTERED ON 09/02/2010
           Plaintiff's Attorney: JED DAVIS

09/08/2010 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 09/08/2010

09/08/2010 Party(s):  JON A HADDOW
           SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 08/23/2010
           ON BEHALF OF DEFENDANT JON HADDOW BY JAMES M. BOWIE, ESQ.

09/08/2010 Party(s):  JON A HADDOW
           SUMMONS/SERVICE - ACCEPTANCE OF SERVICE FILED ON 09/02/2010
           BY PLAINTIFF

09/22/2010 Party(s):  JON A HADDOW
           RESPONSIVE PLEADING - ANSWER FILED ON 09/15/2010
           BY DEFENDANT

09/22/2010 Party(s):  JON A HADDOW
           ATTORNEY - RETAINED ENTERED ON 09/15/2010
           Defendant's Attorney: JAMES M BOWIE