KENNEBEC, ss
SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-19-18

Kathleen Bryant and
Thomas Bryant,

        Petitioners

**ORDER**

v.

State of Maine Department of
Public Safety, Office of State
Fire Marshal, Big Al's Outlet, Inc.,
Allen Cohen, and Melissa Cohen,

        Respondents

Before the Court is petitioners' Kathleen Bryant and Thomas Bryant's ("the Bryants'") petition for review of final agency action. M.R. Civ. P. 80C. The Bryants are seeking reversal of the Commissioner of Department of Public Safety's ("the Commissioner's") renewal of Big Al's Fireworks Outlet's consumer fireworks sales license. The Bryants are represented by Attorney Jonathan Pottle. The State Respondents are represented by Assistant Attorney General Kent Avery. Big Al's Outlet, Inc, Allen Cohen, and Melissa Cohen ("the Cohens") are represented by Attorney Chris Neagle.

**BACKGROUND**

The Bryants live at 32 JB's Way in Wiscasset. (R.2.) The Cohens own an abutting parcel of property located at 2 JB's Way. (R. 13, 20-22, 32.) Since 2013, the Cohens have used their JB's Way property to store consumer fireworks which are sold at Big Al's Fireworks Outlet located at 300 Bath Road in Wiscasset. (R. 13, 27-28, 32, 38.) No fireworks are sold to consumers on the JB's Way property. (R. 27-28, 38.) On April 11, 2019 the Commissioner renewed the Cohens' License for Consumer Fireworks Store. (R. 27-28.) The license number is

1

CFS14 and lists the location as 300 Bath Road, Wiscasset, Maine. (R. 27-28.) On May 10, 2019 the Bryants filed the instant complaint seeking review, pursuant to Rule 80C, of the renewal of the Cohens' consumer fireworks license. (Compl. ¶¶ 24-25.) The Bryants' complaint does not allege any independent claim for relief.

Both the Bryants and the Cohens have been involved in prior litigation concerning the Cohens' fireworks storage. In April 2015, the Bryants filed a complaint in the Lincoln County Superior Court seeking review, pursuant to Rule 80B, of the Town of Wiscasset's approval of the Cohens' application for a permit to construct a fireworks storage structure at the Cohens' JB's Way property. *Bryant v. Town of Wiscasset*, No. AP-15-001, 2016 Me. Super LEXIS 306 (Lin. Cnty. Super. Ct. Sept. 21, 2016). The complaint also contained three independent claims for relief.[1] *Id.* In September 2016, the Superior Court affirmed the Town's decision and ruled in favor of the Town and the Cohens on the Bryants' due process claims. *Id.* In a later decision, the Superior Court dismissed the Bryants' declaratory judgment claim. *Bryant*, No. AP-15-001, 2017 Me. Super LEXIS 117 (Lin. Cnty. Super. Ct. Mar. 20, 2017). On December 19, 2017, the Law Court affirmed the Superior Court's decision on the Bryants' 80B claim and dismissed the Bryants' appeal of the Superior Court's judgment on the Bryants' independent claims. *Bryant v. Town of Wiscasset*, 2017 ME 234, 176 A.3d 176.

**STANDARD OF REVIEW**

Pursuant to M.R. Civ. P. 80C, when the Superior Court acts in its intermediate appellate capacity, it must review an agency's decision directly for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. *Doe v. Dep't of Health and Human*

---

[1] These independent claims were for violation of Federal due process rights; violation of State due process rights; and a declaratory judgment claim.

*Services,* 2018 ME 164, ¶ 11, 198 A.3d 782. The Court will not vacate an agency's decision unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or an error of law; or is unsupported by the evidence in the record. *Kroeger v. Dep't of Envtl. Prot.,* 2005 ME 50, ¶ 7, 870 A.2d 566. Questions of law are subject to de novo review. *Id.* (citing *York Hosp. v. Dep't of Health & Human Servs.,* 2008 ME 165, ¶ 32, 959 A.2d 67).

## DISCUSSION

### 1. Mootness

As a threshold matter, the Court notes that the license at issue in this case expired on April 10, 2020. (R. 27.). Although this case could now be considered moot, this appeal concerns a continuing controversy over the Cohens' use of their JB's Way property. Consequently, the Court declines to dismiss this case as moot. *Lynch v. Kittery,* 473 A.2d 1277, 1279 (Me. 1983) (declining to dismiss as moot an appeal of an expired town permit).

### 2. Res Judicata

In this case, both the Cohen Respondents and the Commissioner argue that the Bryants' 80C appeal is barred by principles of *Res Judicata.* Specifically, these parties argue that the judgment in the earlier lawsuit between the Bryants, the Cohens, and the Town of Wiscasset prevents the Bryants from seeking recovery here. The Court disagrees.

"Collateral estoppel, or issue preclusion, is the prong of res judicata that 'prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and . . . the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding.'" *Cline v. Me. Coast Nordic,* 1999 ME 72, ¶ 9, 728 A.2d 686 (quoting *Perry v. H.O. Perry & Son Co.,* 1998 ME 131, ¶ 6, 711 A.2d 1303). "[C]ollateral estoppel is applicable to

3

administrative proceedings," *Id.*, and a 'final adjudication in an administrative proceeding before a quasi-judicial municipal body has the same preclusive effect as a final adjudication in a former court proceeding.'" *Peterson v. Town of Rangeley*, 1998 ME 192, ¶ 11, 715 A.2d 930, 933.

While it appears to be true that the Bryants are making arguments in this case which are similar to those raised in the earlier litigation, the factual issues involved in this case are different than those involved in the earlier 80B action. This is because the issues in this case concern whether the Commissioner abused his discretion, committed an error of law, or made findings which are not supported by substantial evidence. In order to make this assessment, the Court must look to the evidence which was before the Commissioner in 2019. Given that the prior litigation ended in 2017, the Bryants could not have had a fair opportunity in that action to litigate issues relevant to the 2019 license renewal. Consequently, *Res Judicata* does not prevent the Bryants from seeking judicial review in the current matter.

### 3. The Merits

Except for the sale of consumer fireworks under section 223-A, a person may not sell, possess with the intent to sell or offer for sale fireworks. 8 M.R.S. § 223. In order to obtain a license to sell consumer fireworks, an applicant must demonstrate that he (1) is 21 years of age or older; (2) possess a federal permit to sell fireworks and a municipal permit if required; (3) complies with the statutory provisions for storing and handling fireworks; and (4) "has not been convicted of an offense or violated a state, federal or municipal law, rule or regulation involving fireworks or explosives within the 2 years prior to the application." *Id.* § 223-A(1), (3). The Commissioner is the State official tasked with licensing retailers of consumer fireworks. *Id.* §§ 221-A(1), 223-A(3).

4

The arguments that the Bryants raise in this appeal are all directed at whether the Cohens are properly storing fireworks and whether the Cohens are violating laws, rules or regulations involving fireworks. Specifically, the Bryants argue that (1) the Cohens are selling fireworks without a municipal permit; (2) the Cohens may not store fireworks at a location separate from the fireworks retail store; (3) the State Fire Marshal did not conduct an inspection of the Cohens' fireworks warehouse; and (4) the Cohens' storage of fireworks violates National Fire Protection Association ("NFPA") Standards which have been adopted as law in Maine.[1]

Regarding the Bryants' first argument, the Court notes that a municipal permit to sell fireworks is only required if the municipality has adopted an ordinance provision to that effect. 8 M.R.S. § 223-A(1)(C), (2). If a municipality has not adopted such a requirement, it is not necessary for an applicant for a State license to show that they have obtained a municipal permit. *Id.* The record in this case does not include any ordinance provision showing that the Cohens must obtain a permit from the Town in order to sell fireworks in Wiscasset and the Court may not take judicial notice of municipal ordinances.[2] *Mills v. Town of Eliot*, 2008 ME 134, ¶ 23, 955 A.2d 258. Despite this inadequacy, there is record evidence indicating that a retailer must obtain a municipal permit in order to sell fireworks in Wiscasset. This comes in the form of a Town license to sell consumer fireworks issued to the Cohens on August 27, 2018 and correspondence between the Town and the Cohens regarding the latter's application for an annual license to sell fireworks. (R. 38; Pet. Supp.

---

[1] The Bryants also argue that the Cohens' retail fireworks sales license does not contain sufficient findings of fact and that without such findings judicial review is not possible. The Court disagrees. Judicial review is possible because the Court may review the record to determine if substantial evidence exists which would support a finding that the Cohens' met the legal criteria for obtaining a fireworks license. Moreover, the Bryants' reliance on 1 M.R.S. § 407(1) is misplaced as that provision of law only requires written findings of fact in the case of a conditional approval or denial of a license; the approval of the Cohens' license at issue here was not conditional.

[2] Similarly, the Record contains no ordinance provision showing that a conditional use permit is required for the properties at issue in this case.

R. 251-52.) Because the Cohens received an annual permit to sell fireworks on August 27, 2018, there is record evidence which supports a finding that the Cohens had the appropriate municipal permit when they received their state license less than a year later on April 11, 2019. Consequently, the Bryants' first argument fails.

The Court now turns to the Bryants' second argument. In this case, the Cohens have received a consumer retail fireworks license which authorizes them to sell fireworks at their 300 Bath Road Fireworks store. (R. 27.) The Parties, however, dispute whether this license also authorizes the Cohens to store fireworks, but not sell them, at a location separate from the 300 Bath Road store—in this case, 2 JB's Way. The Bryants take the position that Maine law prohibits the storage of fireworks in a building unless that building is also being used for consumer retail sales of fireworks. The Bryants argue that because the Cohens are storing—but not selling—fireworks at 2 JB's way, the Cohens are violating laws and regulations regarding fireworks and are therefore ineligible to obtain a state consumer retail fireworks license. *See* 8 M.R.S. § 223-A(3)(D). Both the Cohens and the State Commissioner have taken the position that offsite storage of Fireworks is allowed. (Cohen Br. at 11; R. 106.)

The Court agrees that the State license issued for the Cohens' 300 Bath Road retail store does not also authorize the storage of fireworks in a separate location. Maine law is clear that, "except for the sale of consumer fireworks under [8 M.R.S.] 223-A, a person may not sell, *possess with the intent to sell* or offer for sale fireworks." 8 M.R.S. 223 (emphasis added). (R. 27.) Section 223-A requires a consumer fireworks retailer to obtain a separate license for each location at which the retailer seeks to sell fireworks. *Id.* § 223-A(3). Further, a retailer who has obtained a license to sell consumer fireworks "may store and sell the fireworks only in a permanent, fixed, stand-alone building dedicated solely to the storage and sale of consumer

6

fireworks . . . ." *Id.* § 223-A(4). The clear objective of these provisions is to permit a consumer fireworks retailer to store and sell fireworks only in a single dedicated structure at each location for which the retailer has received a State license. *See Doe v. Reg'l Sch. Unit 26*, 2014 ME 11, ¶ 15, 86 A.3d 600 (courts are not required to adhere to the literal language of a statute if such adherence would thwart the clear legislative objective).

Although it is true that section 223-A(4) uses the conjunctive "and" it would be absurd to conclude that the Legislature intended to require fireworks retailers to comply with fireworks storage and handling provisions in a building where fireworks are being both stored and sold but not in a building where fireworks are only being stored. *See Manirakiza v. Health and Human Services*, 2018 ME 10, ¶ 14, 177 A.3d 1264 (courts "endeavor to construe statutes to avoid an illogical or absurd result"); *see also* 1 M.R.S. 71(2). Consequently, the Court believes that because the fireworks located at JB's Way are possessed with the intent to sell, the law requires the Cohens to obtain a separate consumer fireworks retail license for their JB's Way property.

Although there is no dispute that the Cohens have not received a consumer fireworks retail license for their JB's Way facility, it is apparent from the record that the Commissioner believed the Cohens' storage of fireworks complied with the Law and that the Cohens have acted in reasonable reliance upon and in conformance with the Commissioner's official interpretation of the law. (R. 106-07.) Consequently, in this case, the Commissioner would have been estopped from using the Cohens' storage of Fireworks at JB's Way as a ground for denying the Cohens' application to renew their license to sell consumer fireworks at their 300 Bath Road store. *See Shackford & Gooch, Inc. v. Kennebunk*, 486 A.2d 102, 106 (Me. 1984).

7

The Bryants' third and fourth arguments are more easily resolved. Contrary to the Bryants' third argument, the Record does contain evidence that the State Fire Marshal's office performed an inspection prior to renewing the Cohens' fireworks license. (R. 28, 39-65.) The Bryants' fourth argument relies on their assertion that the Cohens' storage of fireworks at 2 JB's way violates Chapter 6 of NFPA 1124. Chapter 6, however, has not been adopted as law in Maine. *See* 8 M.R.S. § 223-A(4) ("all consumer fireworks must be stored, in compliance with the requirements of National Fire Protection Association Standard 1124, *as adopted by the Office of the State Fire Marshal*") (emphasis added); 16-219 C.M.R. ch. 36, § 2 ("This rule incorporates by reference *Chapter 7* . . . of the National Fire Protection Association Standard # 1124") (emphasis added). In their Brief, the Bryants concede that the State Fire Marshall's Office has not adopted Chapter 6 of NFPA 1124. (Pet'rs' Br. at 12.)

**The Entry is**:

The Decision of the Commissioner of Public Safety's decision to Issue License for Consumer Fireworks Retail Store, License No. CFS14 is **AFFIRMED**.

The clerk is directed to incorporate this order into the docket by reference. M.R. Civ. P. 79(a).

Date: 5 | 7 | 2022

Justice, Superior Court